S. Hawkins, Executrix, *v.* Johnson.

A land-office certificate issued in favour of the heirs of *A.* cannot be assigned by the administrator of *A.*

If such an assignment be made, the consideration paid for it may be recovered back in an action for money had and received.

The amount paid for the assignment is to be ascertained, in the absence of other testimony, by the price of public land at the time of the assignment.

If a widow continue in the possession of her deceased husband's goods and use them as her own, she is liable as an executrix *de son tort.*

The statute gives interest for money had and received, where the money is retained without the owner's knowledge, or where it is retained after it has been demanded. But interest is not recoverable, in other cases, on a count for money had and received.

ERROR to the *Switzerland* Probate Court.

Blackford, J.—This was an action of assumpsit, brought by *Gabriel Johnson* against *Sarah Hawkins,* executrix of *Jonathan Hawkins,* deceased. The declaration contains but one count, and that is a general one for money had and received. The defendant pleaded non-assumpsit, and *ne unques executor.* The cause was submitted to the Court without a jury; and judgment was rendered for the plaintiff below for 156 dollars. A bill of exceptions sets out the evidence.

A land-office certificate for further credit, was issued in *September,* 1821, by the register of a land-office, in favour of *the heirs of Truman Richards.* The certificate is for 82 acres of land and 60 hundredths of an acre. There is, on the back of this certificate, an assignment as follows:—"For value received, I do assign, set over, and transfer, unto *Gabriel Johnson,* all the right, title, interest, and claim, of the *heirs of Truman Richards,* deceased, in, to, and over the N. E. qr. sec. 9, T. 3, R. 3, W., in the district of lands ordered to be sold at *Cincinnati.*—Given under my hand and seal this 27th day of *June,* 1827.—*Jonathan Hawkins,* administrator of the estate of *Truman Richards,* deceased. (Seal.)" Previously to this assignment, one half of the purchase money had been paid; and, at the date of the assignment, no forfeiture for non-payment had taken place. The defendant is the widow of *Jonathan Hawkins,* the assignor of the certificate. She continued, after her husband's death, to occupy the plantation he lived on; and. she kept, and continues to keep, all the personal property of which her husband died possessed. The defendant deals with

this personal property, as if it were her own, but she has not been known to sell any of it.

Upon the evidence which we have now stated, the cause was submitted to the Court, and a judgment rendered for the plaintiff below as we have already mentioned.

There can be no doubt but that the defendant, by keeping possession of her husband's goods after his death, and using them as her own, rendered herself liable as an executrix *de son tort*. See 1 Williams on Executors, p. 136. It is equally clear, that the land-office certificate which was issued in the name of the heirs of *Truman Richards*, and belonged to them, could not be assigned by the defendant's husband, as the administrator of *Truman Richards*. The assignment of the certificate to the plaintiff below was absolutely void; and the assignor's estate in the hands of the defendant, is liable to the assignee for the amount paid for the assignment. The consideration, received by the assignor for the void assignment, may be considered as so much money had and received by him for the use of the assignee.

The difficulty in the cause is, as to the amount for which the judgment in favour of the plaintiff below should be rendered. There was no proof whatever before the Court, as to the actual amount paid by the plaintiff to the defendant's testator for the assignment of the certificate. We can only look at the certificate itself, in order to form any opinion respecting the consideration of its assignment. The price of public land, at the time when the certificate was assigned, was one dollar and 25 cents an acre. At that rate, the one half of the value of the land mentioned in the certificate was 51 dollars and 62 cents. An additional payment of the same amount into the land-office, would have entitled the owner of the certificate, at the time of its assignment, to a patent for the land, under the act of congress of 1826. The certificate therefore, in the absence of other testimony, must be considered as worth 51 dollars and 62 cents, at the time it was assigned; and that sum, in the absence of all information except what is furnished by the certificate, may be presumed to be the amount paid for the assignment. If the consideration was more, the plaintiff should have proved it; if it was less, the proof lay on the defendant.

This case is somewhat like one brought by an assignee of a promissory note against the assignor, to recover back the money paid for the assignment. There, the value of the note, as shown by itself, is *prima facie* evidence of the consideration paid for the assignment. Here, the value of the certificate as appears by its face, may be viewed in the same light.

As there is but one count in the declaration, and that is a general one for money had and received, the plaintiff can recover no interest in the case, unless the right to do so is given by statute. *Walker* v. *Constable*, 1 Bos. & Pull. 306. There are two cases in which the statute gives interest on money had and received; one is, where the money is retained without the owner's knowledge; the other, where it has been retained after a demand of it. Rev. Code, 1831, p. 290 (1). The case before us does not come within this provision of the statute.

The judgment of the Probate Court is, according to the view which we have taken of the case, for too large an amount, and must therefore be reversed.

As the defendant pleaded *ne unques executor*, and the plea is not true, the judgment against her at common law would be *de bonis propriis.* But our statute has changed the law on this subject (2).

The judgment of the Probate Court should be in favour of the plaintiff below for 51 dollars and 62 cents, together with costs, to be levied of the assets of the testator if the defendant have so much, but if not, then the costs out of the defendant's own goods.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Dumont*, for the plaintiff.

*J. Sullivan*, for the defendant.

(1) Accord. Rev. Stat. 1838, p. 336.
(2) R. Code, 1831, p. 169.   Accord. Rev. Stat. 1838, p. 190.