Paul Riley, Appellant, *v.* Andrew Loughrey, Administrator of the Estate of Mary Loughrey, Appellee.

APPEAL FROM BUREAU.

It is no defense to an action on a note, that it was given to the payee in lieu of three other notes, given to the husband of the payee. The widow might be acting as executrix, in her own wrong, or might be the heir; in either case the notes surrendered would be satisfied.

Riley *v.* Loughrey, Adm'r, etc.

When there are several counts in a declaration, and a special plea with the plea of *nil debet*, it is error on overruling a demurrer to the special plea, to proceed to render judgment upon the cause of action.

THIS was an action of debt, commenced by appellee against appellant, in the Circuit Court of Bureau county, to the January term, 1858.

Appellee filed his declaration in the case, containing three special counts, and the common counts.

The special counts are on a sealed note, alleged to have been given by the appellant to Mary Loughrey, the intestate, on the 16th of February, 1852, for $184.18, with interest at ten per cent. from date.

The common counts are for money had and received, etc., to the use of Mary Loughrey, the intestate ; and declaration concludes with averments of the issuing of letters of administration on Mary Loughrey's estate to the plaintiff.

Defendant filed four pleas with notice of set-off, to wit : First, *nil debet*, and three special pleas.

The plaintiff demurred to all the pleas, and the court sustained the demurrer to the special pleas, and the defendant asked and obtained leave to file amended pleas, and at the September term, 1858, he filed an amended special plea to the first, second and third counts of the declaration, alleging that the notes mentioned in said counts were one and the same, and that the note was given without any valid consideration whatever ; that the note was given under the following circumstances : that in 1848 defendant gave his three several notes to one Loughrey, husband of the said Mary Loughrey, which amounted to $300 ; that said notes were given for a valuable consideration, and remained in the hands of the said Loughrey, as his property, from the time the same were given, until his (L.'s) death, which occurred in 1853 ; that no letters of administration or testamentary were ever issued upon the estate of said Loughrey, and that after his death, the notes came to the hands of said Mary Loughrey, without any legal right or title to the same ; and that while said notes were so wrongfully in the hands of said Mary, she having no title to the same, the defendant renewed said notes, and attempted to cancel the same by giving to the plaintiff the note sued on, in lieu of said three old notes ; that the consideration of said notes sued on, in the declaration, was the said three notes, made to said Loughrey, and no other consideration ; and that defendant is still liable for the amount of said three notes to the representatives of said Loughrey's estate, and that said Mary Loughrey, of whose estate plaintiff is administrator, had no legal right to cancel the old notes above mentioned, and de-

fendant is still liable to pay the amount of said old notes to the legal representatives of said Loughrey, deceased, etc.

To this plea plaintiff filed a demurrer, assigning as a special cause that it stated conclusions of law and not facts. The court sustained the demurrer, and the defendant abided by his plea, and withdrew his plea of the general issue, and notice of set-off. The court, without the intervention of a jury, and without any order to the clerk to assess, and without the cause having been submitted to the court, or a jury waived, considered that plaintiff ought to recover of defendant $184.18, debt, and $121.24, damages, for the detention of the same, and rendered judgment against defendant for $184.18, debt, and $121.24, damages and for costs.

The defendant prayed an appeal, which was allowed.

The errors assigned are as follows:

1st. The court below erred in sustaining the demurrer to appellant's amended plea.

2nd. The court below erred in rendering judgment without the intervention of a jury, and without an order to the clerk to assess.

3rd. The court erred in rendering said judgment in manner aforesaid.

W. H. L. WALLACE, for Appellant.

PETERS & FARWELL, for Appellee.

BREESE, J. The amended special plea sets up no legal defense to the action on the note, even if it was well pleaded. A surrender by the widow of the payee of the notes, and taking the note sued on to herself, would be good and binding on the appellant for *quo ad hoc*, she may be regarded as an executrix *de son tort*. Whatever is honestly done by one acting in that character, and not contrary to law, is binding between the parties. A settlement made in good faith with such an executor is valid. Bacon's Abr., Executors and Administrators, 27 ; *Hawkins* v. *Johnson*, 4 Blackf. 21.

But there is another ground on which her title may be based. The plea does not allege there were any children of the marriage, or creditors, and we will intend therefore, there were none. The widow then, is the heir to all the personal estate of the intestate, choses in action included. Being such statutory heir, her right to the notes is unquestioned, and her surrender of them and taking the note sued on in place of them, cannot be disputed.

There being other counts in the declaration besides the special count on the note, and the plea of *nil debet* having been pleaded,

it was error for the court on overruling the demurrer to the special plea, to give judgment in chief, and assess the damages. The issue presented by the plea, should have been tried by a jury, and the damages assessed by them.

For this error the judgment is reversed and the cause remanded for further proceedings, in conformity to this opinion.

*Judgment reversed.*