SOLOMON CROSS, Appellant, *v.* JOHN B. CAREY *et ux.,* Appellees.

### APPEAL FROM McLEAN.

A widow, whose husband died intestate, leaving no child or descendants, may recover in assumpsit for the property of her deceased husband, although letters of administration have never been issued upon the estate.

Where the evidence is conflicting, a verdict will not be disturbed for slight causes.

THIS declaration was in assumpsit for goods and chattels sold and delivered, and for money lent; damages laid at $500. The plea was the general issue and notice, that on trial of this cause, defendant below, Solomon Cross, would offer the following facts

as a defense: That in June, 1853, Sarah Bennett, now Sarah Carey, one of the plaintiffs, was married to Allen Cross, son of Solomon Cross; that said Sarah and Allen lived on the farm of said Solomon Cross, from said marriage to the death of said Allen, which occurred October 5th, 1856; that at the time of said Allen's death he left said Sarah Cross, his widow, and no children; that no letters of administration have ever been taken out upon said estate, from the death of said Allen in October, 1856, to the commencement of this suit, to wit, January 1st, 1858. Also an account, showing that said estate was indebted to said Solomon Cross, December 27th, 1858. Cause was heard by a jury, and a verdict rendered for plaintiffs below, (now defendants), for $125. Motion by Solomon Cross for a new trial overruled, and judgment on the verdict for $125. Appeal prayed and granted.

The following facts were agreed upon: That Sarah Carey was the widow of Allen Cross, who was a son of Solomon Cross; that Allen Cross departed this life without making any will, leaving said Sarah his widow, without child or children; that no letters of administration were ever taken out on said estate, and that said John B. Carey is now, and was, at the commencement of this suit, the husband of said Sarah.

A witness testified that he cried a sale made by widow of Allen Cross, (now Sarah Carey), November 1st, 1856, of property which belonged to Allen Cross in his lifetime. Solomon Cross bought to the amount of $156. When he asked him for his note, he said there was a settlement to make between him and the estate, after that was done, if there was anything due from him he would pay it.

The following instruction was given for plaintiff: That if the jury believe, from the evidence, that the defendant, Solomon Cross, did not intend to charge his son for the advances at the time he made them, "the law is, that he cannot set up claim now for such advances, and the fact that all the property on the death of the defendant's son, without child or children, descended to the widow, will not change the law in that respect." "But the jury, in making up this judgment in the case in reference to the advances, are to consider all the evidence in the case, and if they believe that there was no understanding that the said advances were to be repaid by the son of the defendant at the time they were made, then the law is, that the defendant cannot claim for such advances now."

Instructions refused for defendant: "The court instructs the jury that if they believe, from the evidence, that one of the plaintiffs, Sarah Carey, without taking out letters of administration on her husband's estate, and the defendant knew

this at the time of sale, gathered together the personal property of Allen Cross, and sold the same to the defendant, that such sale gave the defendant no title to the property sold, and they will find for the defendant." "If the jury believe, from the evidence, that the property sold by plaintiff to defendant was the property of the decedent, Allen Cross, and that no letters of administration have been granted on said estate to plaintiff, or one of them, they will find for defendant."

Moon & Orme, for Appellant.

Hanna & Scott, and C. H. Moore, for Appellees.

Walker, J.　This was an action of assumpsit, for goods and chattels sold and delivered, and for money lent by appellee, Sarah Carey, while sole and unmarried. It appears from the evidence in the record, that she was the widow of Allen Cross, who had died intestate, leaving no child or children or descendants. That she as his widow sold the property of her deceased husband, at public vendue, and appellant became the purchaser of the property, to recover the price of which this suit was brought. That letters of administration were never granted upon the estate of her deceased husband.

It is urged that without letters of administration granted to her, she possessed no power to sell the personal property, and that by such a sale no title passed to the purchaser. And that for the want of title there was no right to recover the price bid at the sale. The 46th section of the Statute of Wills, (Scates' Comp. 1199,) provides, that intestate estates, both real and personal, in this State, after the payment of all debts and claims against the estate of the intestate, shall descend to, and be distributed amongst his or her children, and their descendants, in equal parts, etc. But "when there shall be a widow and no child or children, or descendants of a child or children of the intestate, then the one-half of the real estate, and the whole of the personal estate shall go to such widow, as her exclusive estate forever; subject to her absolute. disposition and control, to be governed in all respects by the same rules and regulations as are or may be provided in cases of estates of *femmes sole*."

Upon the grant of letters of administration, the legal title to the personal estate thereby vests in the representative of the estate, in trust for the heirs or distributees and creditors of the estate. And the equitable doctrine is recognized by numerous adjudged cases, that the distributive share, on the death of the intestate, vests immediately in the person, upon whom it is cast by the law. 2 Atk. 118, note D; 3 P. Wms. 50; Reeves on

Descents, 57. And this doctrine is fully recognized by this court in the case of *Riley* v. *Loughrey*, 22 Ill. 97. In giving a construction to this statute, we perceive no reason requiring us to overrule or modify the doctrine there announced. The statute having conferred upon the widow, who is proved to be heir of her husband, under our statute, and having possessed herself of the property, she undoubtedly had such a title as enabled her to sell it, and the purchaser acquired it subject alone to the payment of the debts against the estate, and appellant admitted that the estate was not indebted. Nor did he on the trial, attempt to show any such indebtedness except to himself, which was done not to defeat his title, but as a set-off against the appellee's claim.

It was also argued that the finding of the jury was against the weight of evidence. It was conflicting, and the jury had the sole right of weighing and reconciling it, or rejecting such as they regarded unworthy of belief, and we will not for light causes review their finding. In this case we discover no reason for disturbing the finding of the jury on the evidence. Nor do we perceive any objection to the instructions given by the court. They announce the law correctly as it arises on the evidence in the case, and were in nowise calculated to mislead the jury. They were properly given. We perceive no error in this record, and it must therefore be affirmed.

*Judgment affirmed.*