## ELY YORK'S Adm'rs

*v.*

## BASHABY YORK'S Adm'r

1. WIDOW'S CLAIM TO THE SPECIFIC ARTICLES *allowed her—whether her administrator may sue for and recover them or their value.* The legal title to the specific articles allowed to the widow upon the death of her husband, vests in her, and not in the personal representatives of the husband. And should the widow die before reducing those articles or their value to possession, and before administration is granted upon the estate of the husband, her administrator may sue for and recover their value from the husband's estate.

2. APPRAISERS AND ADMINISTRATOR *of husband's estate—of their respective duties in that regard.* It is not the duty of the appraisers of the estate of the husband, to set apart the specific articles to the widow, but simply to certify their value to the probate court, in order that they may be excluded from the assets of the estate, and that the administrator may not be chargeable with them as assets.

3. But it is the duty of the administrator of the husband's estate to set them off to the widow or to her administrator, and if he fails to do so, it would be evidence of a conversion, and he would be liable for their value, if such articles, or their value, belonged to the estate of the husband.

4. EVIDENCE *to justify a recovery.* To justify a recovery, however, against the personal representatives of the husband, upon such a claim, it must be made to appear that the estate of the husband was possessed of these specific articles at his death, or their value in other property or money.

APPEAL from the Circuit Court of Hamilton county; the Hon. SILAS L. BRYAN, Judge, presiding.

The opinion of the court contains a statement of the case.

Mr. S. S. Marshall and Mr. Pollock, for the appellants.

Mr. R. W. Townshend and Messrs. Tanner and Casey, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

On the fifteenth of August, 1864, the appellee, John Davis, as administrator of Bashaby York, deceased, filed in the County Court of Hamilton county, a claim against the estate of Ely York, on whose estate appellants are administrators, for the value of the specific articles of property allowed by the statute, to the widow of persons dying in this State, intestate.

The County Court disallowed the claim, and rendered a judgment against the appellee for the costs. On appeal to the Circuit Court of Hamilton county, the case was tried by the court without a jury, and a verdict found for him, as such administrator, for two hundred and forty-six dollars, being the ascertained value of the specific articles of property thus allowed to widows of intestates, and for which the Circuit Court entered up judgment.

From this judgment the appellants have taken this appeal to this court, assigning this finding of the Circuit Court as error.

The facts appear to be, that Ely York died in this State, on the 23d of June, 1863, intestate, leaving Bashaby, his wife, surviving, who, on the 3d day of July, 1863, and before administration was granted on her husband's estate, also died and in this State. There were no children between them, nor had Bashaby any family living with her, or children under the age of twenty-one. Letters of administration on Ely York's estate, were granted to the appellants, on the 11th day of July, 1863, by the County Court of Hamilton county, and on the estate of his widow, Bashaby, on the eleventh day of

July, 1864, to the appellee, John Davis, and by the same court. On these facts, the question arises, is the estate of Ely York liable for this claim? The provisions of the statute on which the claim is founded, are as follows: Widows living in this State, of persons whose estates are administered upon in this State, shall be allowed in all cases, in exclusion of creditors, as their sole and exclusive property forever, necessary beds, bedsteads and bedding for themselves and families, necessary household and kitchen furniture, one spinning wheel, one loom and its appendages, one pair of cards, one stove and the necessary pipe therefor, the wearing apparel of themselves and families, one milch cow and calf for every four persons in the family, one horse of the value of forty dollars, one woman's saddle and bridle of the value of fifteen dollars, provisions for themselves and families for one year, two sheep for each member of the family and the fleeces taken from the same, food for the stock above described for six months, fuel for themselves and families for three months, and sixty dollars worth of other property. Scates' Comp. 1203.

By section three, the appraisers are required to make out and certify to the court of probate, an estimate of the value of each article of specific property allowed to the widow. *Ibid.*

By section four, if the widow desires to take other property in lieu of this specified, she shall take it at the valuation fixed by the appraisers, and by section two of the act of 1845, Appx. R. S. 597, where the intestate leaves no property of the description mentioned, the widow is entitled to retain other property of equal value, or the value of the same in money, and it is made the duty of the administrators or judge of probate to allow the value of the articles specified either in money or other personal property. Scates' Comp. 1202.

The appellants insist, that as the statute requires the appraisers to set apart these specific articles to the widow, and as there was no widow at the time letters of administration were granted on the estate of Ely York, and no appraisers, a compliance with the statute was impossible, and they deny

that the administrators on, and the appraisers of, that estate, had any right to set apart the specific articles to the administrator of the widow.

· The statute does not so require. It requires only, that the appraisers shall make out and certify to the court of probate an estimate of the value of each article of specific property, in order, as we understand, that the administrator may not include them as assets, and may have credit for their value on the settlement of his administration with the court.

Appellants insist, if the administrator of the widow had no right to appear and demand to have the specific articles set apart to him, there is no foundation for this claim, they contending that the widow, on the death of her husband, had a mere naked right to the specific articles, the legal title to which vested in the personal representatives of the husband, her right not ripening into a title until the articles are set apart to her.

It is difficult to perceive, by what process of reasoning, appellants have reached this conclusion, with the statute before them. The language of the act is emphatic, and declares in the most express terms, that the specific articles, in exclusion of creditors, shall be the sole and exclusive property of the widow forever. From this language it seems very clear, that the widow has something more than " a mere naked right," and that the legal title to the specific articles passed, not to the representatives of the husband, but immediately on his death, to her. Her title does not depend upon the action of the appraisers, nor for a dereliction of duty on their part could she be made to suffer. Her title is absolute, and being so, must, at her death, vest in her legal representatives. They are not assets in the hands of the administrator of the husband, else, why should the appraisers be required to certify their value to the court? If they were assets, the court could have no concern with them. The only reason we can imagine for this certificate of the appraisers, is to exclude them from

the assets of the estate, so that the administrator may not be chargeable with them as assets.

If then they are not assets, and are the exclusive property of the widow forever, it is not difficult to determine to whom they go, on the death of the widow. To no one else but to her personal representatives, and on their demand the administrator of the husband is required to set them off to them. If he fails so to do, it would be evidence of a conversion, and the administrator would be responsible for their value if such articles or their value, belonged to the estate of the husband.

On these points we are not without the authority of adjudged cases. In *Hastings* v. *Myers,* 21 Missouri, 519, the Supreme Court of Missouri held, under a similar statute of that State, that on the death of the widow the specific articles did not revert to the estate of the husband, but went to the personal representatives of the widow. And it was further held, in that case, if the administrator of the husband failed to set apart this statutory allowance to the widow, the court of probate had power to compel him to pay the value in money. To the same effect is the case of *Kellogg* v. *Graves,* 5 Indiana, 509, and *Sheldon* v. *Bliss,* 4 Selden (N. Y.) 34. The fact that no administration on the estate of Ely York had been granted before the death of his widow, is immaterial. In the case of *Cross* v. *Carey and wife,* 25 Ill. 562, this court held, that a widow whose husband died intestate, leaving no child or descendants, might recover in assumpsit, for the property of her deceased husband, although letters of administration had not been issued on the estate. The law cast the property upon her, and administration was unnecessary. The law vested this property in the widow, and on her death, like any other property to which she was entitled, passed to her legal representatives and they can sue for it, and recover its value.

The appellants liken this case to a claim of dower in a deceased husband's real estate. There is a great difference between them. The right of dower is inchoate and resting in action, whilst this right to the specific articles is absolute and

exclusive, depending upon no contingency—it is her's in the emphatic language of the statute, "forever." We think then, that immediately on the death of the husband, the right of the widow accrued, and she having died before she received the specific articles, and they not having been set apart to her administrator, their value must be accounted for to him, as assets of her estate.

The right of the widow being established, it is unfortunate for her representatives in this case, that the record does not show that the estate of Ely York was possessed of these specific articles at his death, or their value in other property or money. It is not shown that he died possessed of any property whatever. In the absence of this proof, the finding of the court below was not justified. If there was evidence proving that fact, it is not to be found in this record, and for that reason the judgment must be reversed and the cause remanded. On another trial the proof can be made if the absent fact exists.

*Judgment reversed.*