Rutledge v. Rutledge.

## JOHN A. RUTLEDGE ET AL.
### v.
## MARY RUTLEDGE.

*Widow's Award—Secs. 74 and 75, Ch. 3, R. S.—Appraisers' Estimate —Specific Articles Possessed by the Estate to be Included—Value of Family Pictures and Wearing Apparel, Jewels and Ornaments, Need not be Estimated—Specific Articles of Special or no Value.*

1. In making their estimate of the widow's award, under Secs. 74 and 75, Ch. 3, R. S., the appraisers are required to appraise the articles actually possessed by the estate, which are within the description of Sec. 74.

2. The appraisers are not required to estimate the value of the family pictures and wearing apparel, jewels and ornaments of the widow and her minor children, all of which are included in the award without reference to their value.

3. If the estate has the specific articles which fairly and substantially answer the designation of the statute, they or their value as fixed by the appraisers must be taken.

4. It seems that if the specific articles possessed by the estate are so worthless as to be unfit for ordinary use, or if they have an unusual value for some special use, the appraisers should disregard and ignore them.

[Opinion filed December 1, 1886.]

IN ERROR to the Circuit Court of De Witt County; the Hon. G. W. HERDMAN, Judge, presiding.

Mr. GEORGE B. GRAHAM, for plaintiffs in error.

Our statute providing for an allowance to widow was intended to provide for widow and family substantially the amount exempt to heads of families. Rev. Stat. 1874, Sec. 74; Williams v. Hall, 33 Tex. 432; Hardin v. Osburn, 43 Miss. 532; Wally v. Wally, 41 Miss. 657.

When specific articles of property are made exempt by law, such specific articles only can be claimed by the person entitled thereto, and not other property in lieu thereof, unless the act plainly confers such right; and this is true even if the claimant has not the articles specifically exempt. Wygant v. Smith, 2 Lans. 185; Friedlander v. Mahoney, 31 Iowa, 311; Pool v. Reid, 15 Ala. 826; State v. Farmer, 21 Mo. 160; Mahan v. Scruggs, 29 Mo. 282.

When the specific articles to which the widow is entitled are of the estate, it becomes the duty of the appraisers to estimate the value thereof and set them apart to the widow and certify the same to the court. R. S., Chap. 3, Sec. 75; York v. York, 38 Ill. 522; Wally v. Wally, 41 Miss. 657.

At the time of the decision in York v. York the statute did not in terms require, as it now does, the appraisers to set apart the specific articles to the widow.

Messrs. FULLER & MONSON, for defendant in error.

WALL, J. The question presented here is as to the construction of Secs. 74 and 75, Ch. 3, R. S., and arises upon the appraisers' estimate of the widow's award.

The estimate was as follows :

Family pictures and wearing apparel, jewels and ornaments of
    widow and minor children.................................... $400 00
School books and family library................................ 100 00
Sewing machine................................................. 80 00

Rutledge v. Rutledge.

| | | |
|---|--:|--:|
| Necessary beds, bedsteads and bedding for widow and family..... | $500 | 00 |
| Stoves and pipe used in the family, with necessary cooking utensils........................................................... | 50 | 00 |
| Household and kitchen furniture................................. | 100 | 00 |
| One milch cow and calf, being one for every four members of the family............................................................ | 75 | 00 |
| Eight sheep and fleeces, being two for each member of the family | 80 | 00 |
| One horse, saddle and bridle..................................... | 250 | 00 |
| Provisions for widow and family for one year..................... | 650 | 00 |
| Food for stock above specified for six months.................... | 75 | 00 |
| Fuel for widow and family for three months....................... | 40 | 00 |
| Other property.................................................. | 100 | 00 |

$2,500 00

This was objected to by the heirs. It appeared that there were of the estate the various articles specified in Sec. 74, with one or two exceptions. For instance there was a sewing machine, necessary beds, bedsteads and bedding, household and kitchen furniture, besides wearing apparel, family library, etc.; but although these were good and sufficient and so regarded by the witnesses, for a man in the circumstances of the deceased, the appraisers did not consider or appraise the value of the articles actually possessed by the estate and answering the description given in Sec. 74, but made an estimate on some imaginary basis of what such articles might be worth; the avowed object as stated by the appraisers being to give the widow such an allowance in gross as they thought she ought to have in view of the magnitude of the estate. The appraisers were asked and, over objection, permitted to answer whether they regarded the aggregate sum of $2,500 as a reasonable allowance, considering the estate. Other witnesses were asked the same questions, and it is apparent the estimate was based mainly upon this idea—not taking into account the value of the articles answering to the designation of the statute which the estate had.

The estimate of the appraisers was approved by the court and this ruling is assigned as error.

Sec. 74 provides that the widow, residing in this State, of a deceased husband whose estate is administered in this State, whether the husband died testate or intestate, shall in all cases,

in exclusion of debts, etc., be allowed as her sole and separate property the following :

*First.* The family pictures and the wearing apparel, jewels and ornament of herself and family.

*Second.* School books and family library of the value of $100.

*Third.* One sewing machine.

*Fourth.* Necessary beds, bedsteads and bedding for herself and family.

*Fifth.* The stoves and pipe used in the family with the necessary cooking utensils, or in case they have none, $50 in money.

*Sixth.* Household and kitchen furniture of the value of $100.

*Seventh.* One milch cow and calf for every four members of the family.

*Eighth.* Two sheep for each member of the family and the fleeces taken from the same, and one horse, saddle and bridle.

*Ninth.* Provisions for herself and family one year.

*Tenth.* Food for the stock above specified, six months.

*Eleventh.* Fuel for herself and family for three months.

*Twelfth.* $100 worth of other property suited to her condition in life, to be selected by the widow.

Which shall be known as the widow's award; or the widow may, if she elect, take and receive in lieu of the foregoing, the same personal property or money in place thereof as is or may be exempt from execution or attachment against the head of a family residing with the same.

Sec. 75 provides : The appraisers shall make out and certify to the County Court an estimate of the value of each of the several items of property allowed to the widow, and it shall be lawful for the widow to elect whether she will take the specific articles set apart to her or take the amount thereof out of other personal property at the appraised value thereof, or whether she will take the amount thereof in money, or she may take a part in property and a part in money as she may prefer; and in all such cases it shall be the duty of the executor or administrator to notify the widow as

Rutledge v. Rutledge.

soon as the appraisement shall be made, and to set apart to her such article or articles of property, not exceeding the amount to which she may be entitled, as she may prefer or select, within thirty days after written application shall be made for that purpose by such widow.

And if any such executor shall neglect, he shall be punished, etc., etc.  When there is not property of the estate of the kinds mentioned in the preceding section the appraisers may award the widow a gross sum in lieu thereof, except for family pictures, jewels and ornaments.

In the case of York v. York, 38 Ill. 522, the Supreme Court in considering a similar statute held that the legal title of the specific articles vests in the widow upon the death of the husband, and if she dies before reducing the articles or their value to possession, and before administration is granted on the husband's estate, her administrator may sue for and collect the value of the same from the husband's estate, and say, among other things, that the statute requires only that the appraisers shall make out and certify " an estimate of the value of each article of specific property in order, as we understand, that the administrator may not include them as assets and may have credit for their value on the settlement of his administration with the court."

In Strawn v. Strawn, 53 Ill. 263, the court say : " The reasonable intent to be imputed to the Legislature is that it designed the appraisers, in fixing this amount, should take into view the condition and mode of life in which the widow was left by the death of her husband and to regard as necessary that furniture which is the ordinary and appropriate furniture of such homesteads."

The final clause of Sec. 75 is an express recognition of the duty of the appraisers to estimate the specific articles possessed by the estate and not other ideal articles of the same kind.  When it says if there is not property of the estate of the kinds mentioned in the preceding section a gross sum in lieu thereof may be awarded it is clear that the converse is intended, and if there are such articles, they or their value must be taken.

We are of opinion the estimate in this case was made upon

an erroneous basis as to all the specific articles which were possessed by the estate.

The first item in the 74th section is for the family pictures and wearing apparel, jewels and ornaments of the widow and children. As to these no valuation is required. Whatever they may be they go to the widow.

They may be worth much or little, they are hers. This estimate, however, makes an arbitrary allowance of $400 for this item, regardless of the final clause of Sec. 75, which prohibits a gross allowance therefor.

If the estate has the specific articles which fairly and substantially answer the designation of the statute, they, or their value as fixed by the appraisers, must be taken. Their value is the basis of the allowance. If the widow prefers, she may take their appraised value in other articles or in money, but it is not admissible in such a case, when the estate really has the articles, to value them at a low, or even a fair figure, and then, as the basis of allowance, fix the value of such articles as though not possessed, upon some ideal or imaginary standard, for the purpose of swelling the aggregate allowance, in order to meet the appraisers' view of what the widow ought to have.

If the chattels possessed by the estate are so worthless as to be unfit for ordinary use, the appraisers should disregard and ignore them; and so, if they have unusual value for some special use, as for breeding purposes and the like, it would be proper to treat them as not within the true spirit and intent of the statute.

The law, while it ever has been and should be construed liberally for the benefit of widows and minor children, must be followed and observed. The appraisers can not be permitted to substitute a different rule in any case.

The judgment of the Circuit Court will be reversed and the cause remanded with directions to set aside the estimate.

*Reversed and remanded.*