## GANE BROTHERS & COMPANY
### v.
## LOEMO PRINTING COMPANY.

*Negotiable Instruments.*

1.   In view of the evidence in the case presented, this court holds that a person named, properly made, in the name of a corporation, the note involved.

2.   The action of the trial court in the case presented in granting leave to defendant *nunc pro tunc* to file a verified plea which had been filed without leave, denying the execution of the note, can not be revoked. The assignment was not thus denied and therefore was not in issue.

3.   This court likewise holds that the note in the case presented is *prima facie* supported by a valuable consideration; if not so in fact, the burden is on the defendant to show all the circumstances.

[Opinion filed December 8, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Messrs. HENRY F. JOSLIN and MAX ROBINSON, for appellants.

Mr. ALLAN C. STORY, for appellee.

MR. JUSTICE GARY.   This case begun before a justice, where the appellants recovered a judgment upon a promissory note as follows:

LOEMO PRINTING COMPANY,

CHICAGO, ILL., January 7, 1890.

$166.38.

Sixty days after date we promise to pay to the order of C. L. Damerau, for account H. L. D., one hundred and sixty-six and 38-100 dollars, at 48–52 Franklin street.   Value received.   With attorney's fees, exchange and collection charges, and seven per cent interest from date.

LOEMO PRINTING COMPANY,

Per Adrian Britt, Manager.

Due March 11, 1890.

(Endorsed)   C. L. DAMERAU, Per Lanth.

On appeal by the appellee to the Circuit Court, leave was given, *nunc pro tunc*, to file a verified plea, which had been filed without leave, denying the execution of the note. This action of the court can not be revoked. Jackson v. Warren, 32 Ill. 331; Zipp v. Uhland, 30 Ill. App. 280.

The assignment was not thus denied and therefore was not in issue. Sec. 56, Justices Act.

It was sufficiently proved that the note was given for a just debt which the printing company owed to the deceased husband of the payee, and the indorsement of it was for a ust debt due from him to the appellants. Also that Britt was the sole manager of the printing company, to whom the officers of the corporation left the entire conduct of its business, indorsing checks, collecting and paying bills, etc., and that with the acquiescence, and subsequent adoption of his act, he had given at least one note in the name of the printing company before giving the one in suit. His act in giving this should be sustained.

The note given to the widow is, *prima facie*, supported by a valuable consideration; if not so in fact, the burden is on the appellee to show all the circumstances. Riley v. Loughrey, 22 Ill. 97. And see, generally, Lewis v. Lyons, 13 Ill. 117, and Cross v. Cary, 25 Ill. 461.

There was no evidence that the deceased left any children, or creditors other than the appellants, nor of the amount of his estate, nor that there was any administration upon it.

The finding and judgment should have been for the appellants, and the case having been tried by the court without a jury, final judgment will be so entered here for the amount due, with costs from the beginning before the justice. Union Nat. Bank v. Manistee Lumber Co., 43 Ill. App. 525.

*Judgment for the appellants.*

Mr. Justice WATERMAN dissents.