## THE McLEAN COUNTY COAL COMPANY
### *v.*
### HONORA LONG.

91    617
96a ⁵ 81
91    617
e111a¹569
111a ³571

1. PARTIES—*when executor must sue—not devisee.* The sole devisee of a deceased person can not maintain an action in his own name for a tort, or conversion of the property of the testator in his lifetime, but the suit must be brought in the name of his executor or administrator.

2. Where a party died pending an action by him to recover for a quantity of coal the defendant had mined, removed from the plaintiff's land, and converted, and after his death his sole devisee suggested the death, and by leave of court was substituted as plaintiff, no letters having been taken out, and recovered judgment, it was *held,* that no recovery could be had in the name of such devisee, and that the judgment should have been arrested.

3. The appointment of an executor to carry out the provisions of a will vests the legal title to the goods, chattels and choses in action of the testator in the executor, as a *quasi* trustee for the use of the creditors, distributees and legatees, and he alone, when qualified, can maintain the proper actions for the recovery of such property, or for injury thereto or its destruction.

4. SAME—*holder of legal title must sue.* An equitable title never confers the right to sue at law, but the action must be in the name of the person invested with the legal title.

5. PRACTICE—*when wrong person sues.* Where a person not having the legal title sues at law for an injury to property, the defendant need not plead in abatement to take advantage of the want of a proper party plaintiff, but the error is fatal under the general issue, and if apparent on the face of the declaration, on demurrer or motion in arrest of judgment.

6. PLEADING—*errors cured by verdict.* Where a declaration, on its face, discloses no cause of action, the defect will not be cured by the verdict.

APPEAL from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Mr. H. A. EWING, and Messrs. STEVENSON & EWING, for the appellant.

Messrs. TIPTON & POLLOCK, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that John Long, the husband of appellee, in his lifetime sued appellant to recover for a quantity of coal it had

mined, removed from land belonging to him, and converted to its own use. He recovered a judgment, and appellant brought the case to this court, and the judgment was reversed and the cause remanded. (See 81 Ill. 359.) After the judgment was reversed, and before the case was redocketed in the court below, Long died, having, by will, devised and bequeathed all of his property to appellee. The cause was docketed, the death of Long suggested, and leave given to amend the declaration, which was done by making appellee plaintiff, and the cause progressed in her name to a trial and judgment against the company, a motion for a new trial and in arrest having been overruled, and the company again appeals.

On the trial appellant objected to the admission of evidence of the mining and conversion of the coal.

It appears that appellee nor any other person ever became executor or administrator of Long's estate, no steps being taken in the probate court for the purpose. On the one side it is urged that appellee could not maintain the action, or any one else, until letters should be granted on Long's estate. But it is claimed, as all of Long's property was willed to appellee, she thereby became vested with the legal title to the claim, and may recover.

We shall not discuss the question of the measure of damages, as we understand the rule to be settled in this court by this case, when previously before us, in following the rule announced in the case of *Robertson* v. *Jones*, 71 Ill. 405, previously decided. We perceive nothing in appellant's argument to create the slightest doubt as to the correctness of those decisions.

At common law it was an inflexible rule, with few exceptions, that a chose in action could not be assigned or transferred so as to give the assignee a right of action in his own name. That could not be done verbally or in writing, neither by deed, will or simple contract. Even promissory notes could not be so assigned or transferred until authorized by the statute of Anne. Bills of exchange were not an exception, under

the common law, as they were governed by the mercantile law. Leases, and some covenants for title, ran with the land, and were assigned and transferred by a conveyance of the land to which they related. An effort to thus transfer causes of action and contracts no doubt passed to the assignee an equitable title, which the courts of law came to recognize and protect, as such, by requiring the assignor, on being indemnified, to permit suit to be prosecuted in his name, that his assignee might have the benefit of the equitable transfer of the claim.

Had Long in his lifetime sold this claim, would any one contend that the purchaser could have maintained an action in his own name? Or, suppose he had bequeathed this claim to some one else, and willed the remainder of his property to appellee, would any one suppose that the legatee could sue and recover in his own name? Had Long bequeathed to appellee notes or contracts, does any one suppose she would thereby derive authority to sue? The will does not vest the legal title to a cause of action in the legatee, any more than would his assignment of such a claim in his lifetime. The appointment of an executor to carry out the provisions of the will, vests the title to the goods, chattels and choses in action in the executor, as a *quasi* trustee, for the use of the creditors, distributees and legatees. He can maintain trover, replevin, or other appropriate action for the recovery of the personal property, or to recover damages for its wrongful injury or destruction. The legatee can not maintain such actions, and the same is true of choses in action. These are elementary rules that need no discussion.

But we are referred to the cases of *Riley* v. *Loughrey*, 22 Ill. 97, and *Cross* v. *Carey*, 25 id. 564, as controlling the case at bar. We fail to perceive any analogy in the cases. In the first of those cases notes had been given to a person who afterwards died, and his widow, without administering on his estate, took new notes, payable to herself, and surrendered the notes payable to her husband. She afterwards died, and her administrator sued upon the notes payable to his intestate, and

it was. set up as a defence that there was no consideration for the note, as the payee was not the administrator of her deceased husband. The plea was held bad, as the surrender of the old notes constituted a sufficient consideration. There the note was payable to the widow, which gave the right to sue in her name whilst living, and by her administrator after her death. Had an administrator been appointed on the estate of the person to whom the three notes were given, and which were surrendered, and the contest had been between such administrator and the payee of the new notes, or her administrator, a very different question would have arisen; but as the case stood, the question was, whether the payee would be protected in paying the money as he promised by his new note, and it was held he would. That case did not involve the question whether. the widow, as such, could sue in her own name on the three notes which she surrendered. Had appellant given its note to appellee in discharge of this claim, and she had sued on the note, then the cases would have been similar.

In the case of *Cross* v. *Carey, supra,* one Cross died intestate, leaving a widow, but no child or descendants of a child; There was no administration granted on his estate, but his widow sold the property of her deceased husband. Solomon Cross purchased a portion of the property, and when sued by the widow he set up as a defence that she had no title to the property he purchased of her. It was there held, that as heir of the husband she had such an equitable title as would enable her to sell the property and collect the price; but in that, as in the case of *Riley* v. *Loughrey, supra,* it was a question simply between the buyer and seller. Had an administrator been appointed after the sale, and he had sued the purchaser for the price of the property, altogether a different question would have been presented. There, the widow had possession of the property and the equitable ownership of it, and the legal title had vested in no one, and the purchaser who had the property could not be heard to say he would keep it and not pay the price agreed upon by the parties. A person may sell

his property and pass the legal title, but not so of a mere claim for damages. Here, appellee has only an equitable title, and that never confers the right to sue at law. It may, perhaps, be true, that an executor, of his own wrong, may, under some circumstances, sell property, of the deceased and pass title, or may settle and discharge debts of the deceased; still, we are aware of no case, nor do we believe any can be found, which holds that such an executor may sue and recover either property or a chose in action of the deceased. It is contrary to all of the analogies of the law. It is unprecedented to hold that a mere stranger, without right, may intermeddle in such matters.

We are, therefore, of opinion that appellee had no right, without obtaining letters on the estate, to maintain the action.

It is urged that appellant should have pleaded in abatement. We fail to see that the law required such a plea to interpose the defence. To recover, she was bound to prove a legal right vested in her. She could not recover by proving a right in another person. A person can not recover by claiming a demand, and showing another person holds the demand claimed, —and such is the proof here. This defence may be made under the general issue, as that put her on the proof of her claim. We are at a loss to understand how the defence could have been interposed under a plea in abatement.

Had the conversion occurred after the death of Long and the probate of the will, it may be that appellee might have maintained the action. But the conversion occurred in his lifetime. Had appellant demurred to the amended declaration the demurrer would have been sustained, as the fact of the conversion in the lifetime of Long, and that no letters testamentary or of administration had been granted, appeared on the face of the declaration. It disclosed no cause of action, and hence was not cured by the verdict.

The court below, therefore, erred in not arresting the judgment, and for that error the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*