## Michael C. McDonald, Impleaded, etc., v. F. W. Algeo, Adm.

1.  BILL OF EXCEPTIONS—*To Be Filed in Apt Time.*—Where no leave is asked or granted during the term at which an appeal is taken, to present a bill of exceptions, such a bill presented at the second term, succeeding the term at which the judgment appealed from was entered, is too late.

2.  ARREST OF JUDGMENT—*What May Be Reached on Motions of.*—When an order substituting an administrator of a deceased person as plaintiff in an action of law is erroneous, it may be reached by a motion in arrest of judgment.

3.  ABATEMENT—*Construction of Section 19 of the Act in Relation to Abatement.*—Section 19 of the act in relation to abatement (Hurd's R. S. 1897, 103), providing that when an action is authorized by law to be brought in the name of a public officer and such officer dies pending the suit, such suit may be continued in the name of his successor, is

exclusive, and no one but the official successor of the deceased officer can be legally substituted as plaintiff.

4. SAME—*At Common Law.*—At common law the death of a sole plaintiff abated the action.

5. PARTIES—*An Administrator Can Not be Substituted in a Suit Brought by a Public Officer.*—An administrator can not be substituted as plaintiff in a suit authorized by law to be brought by a public officer who dies pending such suit.

6. PUBLIC OFFICERS—*Death Pending Suits Brought by Them—Abatement.*—The death of a public officer, during the pendency of an action brought by him in his official capacity, is not a ground for abatement, as his successor in office may be made a party.

Debt, on a replevin bond.—Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1900.. Reversed and remanded. Opinion filed July 8, 1901.

A. B. JENKS and JOHN MAYO PALMER, attorneys for appellant.

GILBERT & GILBERT, attorneys for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

This is a suit on a replevin bond by F. W. Algeo as administrator of the goods, chattels, etc., which were of James H. McHale, deceased, against Michael C. McDonald, alleged to have been a surety on the bond. The bond ran to James McHale, coroner of Cook county, and the suit was commenced in his name for the use of the sheriff and Olof Mattson. February 3, 1900, at the January term, 1900, of the court, an order was entered in the cause as follows:

" It appearing to the court that the death of James McHale has been suggested of record, it is therefore ordered that F. W. Algeo, administrator of the estate of James McHale, deceased, be substituted in his stead, and that the suit proceed in the name of said F. W. Algeo, administrator aforesaid."

After the entry of this order, the suit proceeded in accordance with the order, and resulted in a judgment in favor of Algeo, as administrator, etc., and against Michael C. McDonald. No bill of exceptions was presented to the court

McDonald v. Algeo.

by appellant, at the January term of the court, nor was any leave asked or granted at that term to present a bill of exceptions at any future time. After the February term had expired, and March 27, 1900, one of the days of the March term of the court, a bill of exceptions, showing exceptions to the order of February 3, 1900, was presented to and signed and sealed by the court. A motion heretofore made by counsel for appellee to strike that bill of exceptions from the record, was reserved till the hearing. No bill of exceptions having been presented at the January term, nor time given in which to file one, the bill of exceptions presented at the March term, which was the second term succeeding the term at which the order was entered, was too late. W., St. L. & P. Ry. Co. v. The People, 106 Ill. 652.

At the term in which final judgment was rendered, an appeal was prayed and time given to file a bill of exceptions to matters occurring on the trial and subsequent thereto, and a bill of exceptions was filed, to which no objection is made. The order of February 3, 1900, is contained in the common law record, and appellant's attorney made a motion in arrest of judgment, and if the entry of the order of February 3, 1900, substituting appellee as the administrator of McHale, deceased, as plaintiff, is reversible error, it was reached by the motion in arrest. 2 Tidd's Practice, Sec. 918; 2 Ency. of Pl. & Pr., 794; Gardner v. The People, 3 Scam. 83, 90; McLean Co. Coal Co. v. Long, 91 Ill. 617.

In the case last cited, Long, the husband of the appellee, sued the appellant for coal which he claimed belonged to him, and which appellant had converted to its own use. Pending the suit, Long died, and his death was suggested, and appellee, his widow and sole devisee, was substituted as plaintiff and the cause proceeded to judgment in her name, as plaintiff. Appellant moved for a new trial and in arrest of judgment, which motions were both overruled. No one had been appointed executor or administrator of the estate of the deceased. Held, that appellee, the widow and sole devisee of the deceased, had not the legal title, and there-

fore could not sue in her own name; that she "had no right, without obtaining letters on the estate, to maintain the action."

Section 17 of the statute in regard to abatement provides for the substitution of a party for a deceased party as plaintiff or defendant, in a suit between private parties. Sections 18 and 19 of the statute are as follows:

"Sec. 18. When an executor, administrator, guardian or conservator is plaintiff, petitioner or complainant or defendant in a suit or proceeding in law or equity, and dies, resigns, or is removed from office before final judgment or decree, the suit or proceeding shall not on that account abate, but the same may be continued by or against his successor, in like manner as in case of the death of other parties."

"Sec. 19. When an action, proceeding or complaint, in law or equity, is authorized or directed by law to be brought by or in the name of any public officer, or by any trustee appointed by virtue of any statute, and such officer or trustee dies or ceases to be such officer or trustee before final judgment or decree, the suit shall not on that account abate, but the same may be continued by his successor, in like manner as in case of the death of other parties."

We are of opinion that section 19, in providing that, when an action is authorized by law to be brought in the name of a public officer, and the officer dies pending the suit, the suit may be continued in the name of his successor, is exclusive, and that no one but the official successor of the deceased officer can legally be substituted as plaintiff. It is true the word "may" is used, but this is solely because the law will not compel parties to proceed with a suit, but leaves that optional. The same word is used in sections 17, 18, and other sections.

At common law the death of a sole plaintiff abated the action. 5 Ency. Pl. & Pr. 786 and 796; 2 Tidd's Practice, Sec. 932.

So that if it were not for the statute the present suit would have abated on McHale's death, if he is to be regarded merely as a private person. There being a special provision in the statute (Sec. 19) in reference to an authorized suit brought by a public officer, as to who shall be substi-

tuted for him in case of his death before final judgment, and other cases being specified in the statute (Secs. 10, 11, 13, 17 and 18) in which an executor or administrator may be substituted as a party in the place of a deceased party, not including such cases as the present, we think it plain that an administrator can not be substituted as plaintiff in a suit authorized by law, brought by a public officer, deceased pending the suit.

The bond sued on was executed to James McHale, coroner of Cook county, in a replevin suit against James H. Gilbert, sheriff of Cook county, and another.  When the sheriff is a party to a cause the coroner is required to act as sheriff (Hurd's Stat., 1899, p. 429, Sec. 7), and the officer to whom a replevin bond runs is authorized to sue on it.  Ib., p. 1389, Sec. 25.  In 5th Ency. Pl. & Pr., p. 841, it is said: " The death of a public officer, during an action by him in his official capacity, is not ground for abatement, as his successor in office may be made a party;" citing Felts v. Memphis, 2 Head (Tenn.), 650.  In that case one Gilmore, sheriff of Shelby county, Tennessee, in which county Memphis is, filed a petition for a writ of mandamus against the mayor and aldermen of Memphis, the object of which it is unnecessary to state.  Pending the suit the official term of Gilmore, as sheriff, expired, and one Felts, his successor in office, was made party plaintiff, on an amended petition. Afterward, and pending the suit, the official term of Felts expired, and his successor was elected.  In respect to these circumstances the court say:

" The next question is whether anything has transpired since the institution of this suit to abate it.  The official term of Gilmore, who was then the sheriff, has expired, and though Felts, his successor, became a party by an amended petition, yet his term has also expired and his successor been elected.  The record does not disclose any personal or individual interests, either in Gilmore or Felts, but the suit appears to have been prosecuted by them in their official character as sheriff, for the time being, for the public benefit, and not as individuals.  In such a case the law regards the name of the office and not the adjunct name of the individual; and in it are implied all the successors that shall

ever be to it, each successor for the time of his term, being the real plaintiff to support the action, whether described by name or not. And if one die or his term of office expire before the determination of the suit it shall be continued by his successor, and will not abate. 1 Hayw. 144; Polk v. Plummer et al., 2 Humph. 500. We are of opinion, therefore, that the present sheriff of Shelby county may take the benefit of this suit."

As the judgment must be reversed, and as its reversal will not be a bar, in the event of the proper party being substituted as plaintiff, and as, on another trial, evidence not contained in the record before us may be introduced, we think it inexpedient on this appeal to pass on the merits of the cause.

The second bill of exceptions, containing exceptions to the order of February 3, 1900, substituting appellee as plaintiff, will be stricken from the record, and the judgment will be reversed and the cause remanded.