Michael Boghosian, Appellee, v. Mid-City National Bank of Chicago, et al., Defendants.
On Appeal of The County of Cook, a Body Politic and Corporate, Appellant.

Gen. No. 47,830.

First District, First Division.

April 25, 1960.

Rehearing denied May 23, 1960.

Benjamin S. Adamowski, State's Attorney of Cook county, Illinois (Francis X. Riley and Edward J. Hladis, Assistant State's Attorneys, of counsel) for appellant.

Samuel S. Cohon and Knell & Lezak, of Chicago (Samuel S. Cohon, of counsel) for appellee.

JUSTICE McCORMICK delivered the opinion of the court.

This is an appeal taken by the County of Cook from an order entered by the Circuit Court of Cook County striking a petition of the County of Cook to vacate a summary judgment of that court in favor of the plaintiff and against the defendants, West Highland Savings and Loan Association and Mid-City National Bank of Chicago. The basis of the petition is that since the County of Cook was a necessary party in the action any judgment entered without its being made a party was void and subject to collateral attack.

The original suit, filed by Michael Boghosian (hereafter referred to as plaintiff) against the West Highland Savings and Loan Association and Mid-City National Bank of Chicago (hereafter referred to as defendants) for the recovery of certain monies deposited with the defendants and evidenced by savings account books issued to one Joseph Beer, was based on the allegations that said Joseph Beer, who had

resided in the rear of plaintiff's store, became seriously ill and was making arrangements to go to a hospital; that prior to his departure he gave the plaintiff two savings account books issued to Beer by the two defendant banking institutions and stated to the plaintiff that he wanted him to have all his money; that the plaintiff took and retained possession of the books; and that Beer died intestate a few days later leaving no heirs.

The Public Administrator of Cook County was appointed by the Probate Court of Cook County as administrator of the estate of Beer. In plaintiff's suit against the defendants he made the Public Administrator of Cook County a party, together with the unknown heirs of Beer. Answers were filed by the defendant banks and the Public Administrator. Plaintiff made a motion for summary judgment supported by affidavits, and on October 24, 1958, the Circuit Court entered an order sustaining the motion and entering a judgment in favor of the plaintiff against the West Highland Savings and Loan Association in the sum of $12,082.84 and the Mid-City National Bank of Chicago in the sum of $2,646.40.

On December 24, 1958, the County of Cook filed a petition, later amended, praying that the said judgments be set aside. In support of its prayer to vacate the judgment the county alleged that the decedent had died with personal estate located in Cook County without surviving spouse or known kindred and that his personal estate escheated to the county after the payment of debts and costs of administration; that the county therefore had a direct, immediate and substantial interest in the said personal estate at the time of the filing of plaintiff's suit and was a necessary party thereto; that the county had no notice of the suit until the first week of December 1958; that the plaintiff

was not entitled to the judgment; and that the county has a good and adequate defense to the complaint.

The plaintiff filed a motion to strike the amended petition, stating, among other things, that the county was not a necessary party in the proceeding and that the only time that the county would become such a party is if the administrator of the estate of the decedent shows that there is personal property subject to escheat. On April 23, 1959, the trial court entered an order striking the amended petition of the county, from which order this appeal is taken.

The county here takes the position that because of the statutes governing escheats the title to the personal property of a decedent without heirs vests in it at the time of death; that any judgment entered in the action brought by the plaintiff in the Circuit Court was void, since the county, although a necessary party, was not made a party in the action; and that since the judgment is void it is subject to collateral attack.

■■■■ Escheat originally was an incident of feudal land tenure. Escheat at common law did not apply to personal property. Under the Illinois statutes both real and personal property escheat to the county when an intestate dies without heirs.

[4–6] In the instant case the decedent at the time of his death owned only personal property, and it is with the rules applicable to the devolution and escheat of personal property that we are here concerned. In Illinois an administrator takes no title to or interest in the real estate of the decedent (19 I. L. P., Executors and Administrators, sec. 72). In general an administrator acquires the legal title to, and the right to possession of, the personal assets of the estate of the decedent (19 I. L. P., Executors and Administrators, sec. 73). In McLean County Coal Co. v. Long, 91 Ill. 617, the court states that the title vests in the personal

459

representative as a *quasi* trustee for the use of the creditors, distributees and legatees. In Stoke v. Wheeler, 391 Ill. 429, the court says that the relationship between the administrator of an estate and a beneficiary is that of trustee and *cestui que trust* and it is fiduciary in character, and cites Edwards v. Lane, 331 Ill. 442 and Christensen v. Christensen, 327 Ill. 448. The same rule is laid down in Roberts v. Weimer, 227 Ill. 138. While the estate is under administration the executor or administrator can maintain actions for the recovery of personal property or to recover damages for its wrongful injury or its destruction, and neither the legatees, heirs, nor distributees can maintain such actions. McLean County Coal Co. v. Long, supra. In Daniell's Chancery Pleading & Practice, Vol. 1, Sixth American Edition, p. 250, the rule is stated that, the executor or administrator of a deceased person being the person constituted by law to represent the personal property of that person and to answer all demands upon it, it is sufficient to have the executor or administrator before the court.

Chapter 49 of the Illinois Revised Statutes covers escheats, and section 1 [Ill. Rev. Stats 1959, c 49, § 1] provides that if any person "shall die seized of any real or personal estate without any devise and leaving no known heirs or representatives capable of inheriting the same," such estate, both real and personal, "shall escheat as provided in the probate Act." Section 11 of the Probate Act (Ill. Rev. Stat. 1957, ch. 3, par. 162) deals with the rules of descent and distribution and provides for the descent and distribution of real and personal estate, and, after setting out the various rules governing descent, in subparagraph seven provides that when there is no surviving spouse or known kindred of the decedent the personal estate escheats to the county of which the decedent was a resident, or if he was not a resident of this state, to

the county in which it is located. Section 291 of the Act (par. 445) provides that the Probate Court may enforce the settlement of estates and that on settlement the court may order the executor or administrator to pay the claims against the estate, and if it appears that there are sufficient assets to pay all claims against the estate the court may order the executor or administrator to distribute the estate to the persons entitled thereto. Section 2 of the Act relating to escheats (ch. 49, par. 2) provides that in case the estate consists of personal property, letters of administration shall be granted thereon as in other cases, and the "same shall be administered in conformity with the probate laws of this state." It further provides that if there is a balance left after the payment of debts and costs of administration, the administrator, shall report the same to the Probate Court with a statement of the facts within his knowledge as to the heirship of the said decedent, which facts shall constitute a part of his report, and it shall be the duty of the court to order the administrator to pay the balance to the County Treasurer of the county.

In Knight v. Gregory, 333 Ill. 643, "distribution" is defined, and the court says that the term refers ordinarily to personal property, stating: "It is defined by Bouvier as 'the division by order of the court having authority, among those entitled thereto, of the residue of the personal estate of an intestate after payment of the debts and charges.' . . . 'It is, specifically, division of an intestate's estate according to law.' (Anderson's Law Dict.)"

The Act governing escheats in the State of Illinois provides that personal property may escheat to the county. This was not the rule at common law. The Act also changes the common law rule and the former Illinois statutory rule by making the county rather than the state the recipient of the escheated property.

461

In Billings v. The People, 189 Ill. 472, it is said that the "intestate laws" of the state are "those laws of the State which govern the devolution of estates of persons dying intestate . . . ." In People v. Richardson, 269 Ill. 275, the court says: "The Statute of Escheat in express terms refers only to any person who should die seized of any real or personal estate without any devise. It therefore refers only to intestate property and is necessarily a part of the intestate laws of the State."

■■ Section 163 of the Probate Act (ch. 3, par. 315) provides for the appointment of a public administrator for each county. In the instant case letters of administration of the decedent's estate were issued to the Public Administrator of Cook County. He was made a party to the suit and appeared and filed pleadings therein. The county contends that since the State's Attorney is a constitutional officer he has the right to represent the county, and in any action where the county's interest is involved, he is the only officer entitled to represent the county. There is no doubt that this is the law. However, the question here is not whether the county is being deprived of the right of representation by the State's Attorney, but whether at the time when the suit before us was brought the county had such an interest in the personal property involved therein that in order to have a valid judgment it must have been made a party. At the time that the suit was instituted by the plaintiff against the defendant banks, the title to any and all personal estate of which the decedent had died possessed would be in the Public Administrator of Cook County. If the decedent had left heirs, title to the personal property would be in the administrator and the heirs would have an equitable interest; when he left no heirs, under the escheat statute the same rule would apply— the Public Administrator would hold title and the

county would have an equitable interest. We are not passing on what action the trial court should have taken if the County of Cook, at the time when the suit was commenced, had taken appropriate steps under the statute to intervene.

■ The county says it received no notice of the pendency of the suit. There is no provision in the statute that the county should be notified. The provisions of the statute governing the administration and devolution of the personal property of an intestate dying without heirs or representatives capable of inheriting are clear and explicit. The right of a county to acquire personal property by escheat is a creature of statute and the statute must be strictly followed.

■ The suit before us bears all the indicia of a suit at law. The county, however, takes the view that it is a suit in equity, and properly states the rule of law that necessary parties must be included in a suit in equity and that if they are not included any judgment or decree is void. In Mortimore v. Bashore, 317 Ill. 535, the court says: "All persons are necessary parties to the litigation who have an interest in the subject matter which will be materially affected by the decree." In Georgeoff v. Spencer, 400 Ill. 300, the court says: "It has also been said that a necessary party is one who has such an interest in the matter in controversy that it cannot be determined without either affecting that interest or leaving the interest of those who are before the court in a situation that might be embarrassing and inconsistent with equity. Commonwealth Trust Co. of Pittsburgh v. Smith, 266 U. S. 152, 69 L. Ed. 219." In Mortimore v. Bashore, supra, the court also says that where a party, though not before the court in person, is so far represented by others that his interest receives actual and efficient protection, he will be bound by representation, and says: "The doctrine of representation applies, how-

463

ever, only where persons are before the court who have the same interests as those of persons not in being or not before the court and who will be equally certain to bring forward the merits of such interests and give them effective protection." In Cales v. Dressler, 315 Ill. 142, the court says:

"Appellees contend that if the relief prayed by appellants is granted, the legacies bequeathed by the will of Sarah Ann Gaines will be defeated, and therefore the legatees under her will are necessary parties. The executor of her will is a party to this suit. He answered the bill, joined in this appeal, and assigned cross-errors. Title comes to the legatee through the executor. Where parties are effectively represented they need not be made parties. Hale v. Hale, 146 Ill. 227; 21 Corpus Juris, 290, 291."

██ ██ The county argues that the escheat interest in the property accrues to it not as an heir but by virtue of the sovereignty of the state. The escheat interest in personalty accrues to the county because the legislature has said the doctrine of escheat may properly be applied to personal property, and it is only under and by virtue of that statutory enactment that the county acquires any interest whatsoever. As we have said, the rule with reference to the title to personal property subject to escheat while the estate is in administration is the same as that governing personal property where there are heirs or other distributees. Under the statutes the title to personal property does not vest in the county until the estate is distributed by the administrator. There is no question that the county has an interest in the personal property which accrues at the time of the death of the intestate. That interest is not sufficient to make the county a necessary party to a suit such as this, and even if it were held that the county was a necessary

party in a case such as this, the rule laid down in Mortimore v. Bashore, supra, and Cales v. Dressler, supra, would apply. When the instant case was before the trial court the basic interest of the Public Administrator and the county was the same. Both desired to establish an escheat of the personal property involved—the Public Administrator because it would then fall into the estate which was under administration by him, and the county because if an escheat was established the personal property, less debts and expenses of administration, would be ordered by the Probate Court to be turned over to the County Treasurer.

The attorney representing the Public Administrator was not representing, nor attempting to represent, the County of Cook. He was representing his client, the Public Administrator, and there is nothing in the record to indicate that he did not do so adequately. Since the interest of the county and the Public Administrator was the same, the county cannot complain. The State's Attorney was not deprived of his constitutional or legal rights.

In further support of this view is the fact that in 1959 the legislature amended section 166 of the Probate Act (ch. 3, par. 318) dealing with public administrators, by adding thereto a provision that where a person died intestate without surviving spouse or known kindred, the public administrator, letters having been issued to him, shall have authority to manage and deal with the real estate of that person until the county becomes seized of and vested with title to the real estate as provided by " 'An Act to revise the law in relation to escheats,' approved March 24, 1874, as amended, or until further order of the court." It is significant to note that in this amendment no reference is made to personal property. It undoubtedly

465

was, and properly so, the view of the legislature that the question of the administration and distribution of personal property subject to the escheat statute was fully covered by the then existing statutes.

The precise question raised in this case has never been decided by the courts in this state, and neither industry of counsel nor our own research has enabled us to find any similar case. Counsel has cited several cases from other jurisdictions but none of them are in point as to whether in an action of this sort the county is a necessary party. Counsel also cites Schultze v. Schultze, 144 Ill. 290, which was a suit for partition involving the question of the right of nonresident aliens to take title to land. The dicta in that case relied on by the county is not applicable to personal property.

The failure to join the County of Cook as a party in the instant suit did not render the judgment therein void. There was no error in the entry of the order of the Circuit Court striking the petition of the county, and the order is affirmed.

Affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.