JOSEPH FRANK McGILL, a Minor, *et al.*, by Phyllis McGill Best, their Mother and Next Friend, Plaintiffs-Appellants, *v.* NICHOLAS J. LAZZARO *et al.*, Defendants-Appellees.

First District (2nd Division)    No. 79-1676

Opinion filed December 30, 1980.

O'Reilly & Cunningham, of Wheaton, for appellants.

Haskell & Perrin, of Chicago, for appellee Nicholas J. Lazzaro.

Feiwell, Galper & Lasky, of Chicago (Willis R. Tribler, Mitchell A. Orpett, and Michael Braun, of counsel), for appellees Milton Ruben and Ruben, Kaplan & Lasky.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Plaintiff Phyllis McGill Best brought an action on behalf of the five minor children of decedent Charles McGill. Mrs. Best is the former wife of the decedent and the mother of his children. The action, naming Nicholas Lazzaro and Milton Ruben as parties defendant, sought to avoid an agreement between Lazzaro and Charles McGill. The suit also contained a legal malpractice claim against Ruben. Charles McGill and Lazzaro had been business partners; Ruben, their attorney, had drafted an allegedly unconscionable agreement whereby McGill was to pay a certain sum to Lazzaro, or else forfeit his interest in their jointly held business. The sum was not paid, McGill died, and Lazzaro claimed full ownership of the business. The McGill children, claiming to be the "heirs at law" of Charles McGill, sought a declaration that the agreement be held void, and that Lazzaro reimburse plaintiffs for the value of Charles McGill's portion of the business. The malpractice claim against Ruben seeks damages for McGill's losses on account of the allegedly inequitable agreement drafted by Ruben.

After the instant action was filed, defendant Ruben died, and the trial court dismissed the action as to him. This court reversed that decision in *McGill v. Lazzaro* (1978), 62 Ill. App. 3d 151, 379 N.E.2d 16, where the only issue on appeal was the survivability of attorney malpractice claims. After remand, plaintiffs amended their complaint to add a third count joining the deceased defendant's law partners, Bernard Kaplan and Robert Lasky. Counsel for Ruben, Kaplan, and Lasky then filed a motion

to dismiss the complaint as to them. Judge Gomberg in the trial court granted this motion on July 18, 1979, finding that the plaintiffs lacked standing to bring the suit, and that the legal malpractice claim was inadequately pleaded. On August 17, 1979, Judge Elward denied with prejudice plaintiffs' motion to amend their complaint. The proposed amendment would have substituted Phyllis McGill Best, in her capacity as executor of Charles McGill's estate, as plaintiff; Judge Elward denied the motion as defective on its face, and noted that no proposed amended complaint had been presented to the court. Plaintiffs then filed the instant appeal, asking this court to reverse the orders of July 18 and August 17, 1979.

■■ Notwithstanding the designated errors in plaintiffs' notice of appeal, we find that plaintiffs have waived appeal as to Judge Elward's order of August 17, 1979. During oral argument of the instant appeal, this court asked plaintiffs' attorney if he had attempted to amend the complaint after Judge Gomberg's July 18 order of dismissal. Plaintiffs' attorney responded, "That petition, or motion, was filed with Judge Elward sometime later *without an amended complaint attached, and it was denied. We're not arguing about that decision.*" Furthermore, we note that plaintiffs' appellate brief fails to make any argument concerning the validity of the August 17 order. Points not argued in an appellant's brief are waived. See Ill. Rev. Stat. 1979, ch. 110A, par. 341(e)(7); *City of Chicago v. Cosmopolitan National Bank* (1979), 77 Ill. App. 3d 212, 218, 395 N.E.2d 1070.

Judge Gomberg's order of July 18 is properly before this court. That order of dismissal was based on two grounds: the premise that plaintiffs were not the proper parties to bring the action, and the finding that counts II and III of the complaint (count II joining Ruben, and count III joining his law partners) pleaded no proper cause of action. If either of these grounds is sufficient, the trial court must be affirmed. We consider the standing issue first.

■■ Plaintiffs herein are asserting a claim on behalf of their deceased father. The complaint states that they are his "heirs at law," but reveals no authorization for plaintiffs to make a claim on behalf of their father's estate. The well-established rule in this State is that the executor or administrator of a decedent's estate has standing to file suit on behalf of the decedent, but the legatees, heirs, and devisees have no such standing. (*Claussen v. Claussen* (1917), 279 Ill. 99, 105, 116 N.E. 693; *McLean County Coal Co. v. Long* (1879), 91 Ill. 617, 619; *Boghosian v. Mid-City National Bank* (1960), 25 Ill. App. 2d 455, 460, 167 N.E.2d 442; *Mutual National Bank v. Winkelman* (1956), 9 Ill. App. 2d 569, 133 N.E.2d 535 (abstract); *Jaques v. Ballard* (1904), 111 Ill. App. 567, 571; 19 Ill. L. & Prac. *Executors & Administrators* §281, at 256 (1956).) This rule has been applied to disallow an action where the plaintiff was in fact the executrix,

but did not maintain the action in her official capacity. (See *Jaques*, at 571.) Plaintiffs argue that, regardless of whether or not their mother has been designated executrix or administratrix of the estate, they are the real parties in interest with respect to their deceased father's estate, and they should be allowed to bring this action. This argument, however, assumes that plaintiffs will be the sole claimants to their father's estate, an assumption which this court may not properly make.

The trial court's alternative ground for dismissal of the complaint was that plaintiffs failed to state a cause of action. Specifically, the trial court found that plaintiffs "absolutely have not shown any ultimate facts showing in what fashion he [defendant Ruben] has committed legal malpractice in the execution of that agreement." Plaintiffs' complaint charges that Ruben "negligently breached and violated his duties * * * in that he prepared and had the plaintiffs' decedent execute the said proported [*sic*] agreement, which was completely inequitable to the plaintiffs' decedent and which contained inadequacy of consideration so gross as to shock the conscience."

■■■ Defendants' motion to dismiss admits, for purposes of review, all well-pleaded facts (see *McCauley v. Chicago Board of Education* (1978), 66 Ill. App. 3d 676, 677, 384 N.E.2d 100), but does not admit conclusions of law or conclusions of fact unsupported by specific allegations. (See *Zagar v. Gomberg* (1978), 66 Ill. App. 3d 611, 612, 384 N.E.2d 426.) In the case at bar, plaintiffs' complaint is rife with conclusory language, but fails to include any facts which might show what acts of defendant were negligent, and how those acts caused injury to plaintiffs. In the absence of specific allegations, the mere characterization of defendants' acts as negligent is insufficient to warrant denial of a motion to dismiss. *Cf. Cipolla v. Bloom Township High School District* (1979), 69 Ill. App. 3d 434, 437, 388 N.E.2d 31 (characterization of certain acts as willful and wanton misconduct is insufficient to withstand a motion to dismiss).

We find that either of the trial court's stated reasons for dismissing the action is sufficient. Accordingly, the judgment of the trial court is affirmed.

Affirmed.

DOWNING and HARTMAN, JJ., concur.