CONNIE MENEREY, Ex'x of the Estate of Howard F. Hamm, Deceased, Plaintiff-Appellant, v. CITIZENS FIRST NATIONAL BANK, Defendant and Third–Party Plaintiff-Appellee (Carolyn S. Hamm, Third-Party Defendant).

Third District   No. 3—86—0850

Opinion filed September 9, 1987.

Louis Olivero, of Peru, for appellant.

John Isaacson, of Trimble, Angel, Hornbaker & Isaacson, of Princeton, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Connie Menerey, appeals from the judgment of the circuit court of Bureau County dismissing her complaint in its entirety. Menerey, as the executrix of the estate of Howard F. Hamm, filed an action to recover damages from the defendant, Citizens First National Bank (the bank), for payment of withdrawals from a savings account established by Howard F. Hamm. The bank in turn filed a third-party complaint against the defendant, Carolyn S. Hamm. The trial court ruled that Menerey had no standing to maintain a cause of action and that only the minor child in whose name the account was maintained had such standing.

Howard F. Hamm deposited approximately $5,716 in a savings account with the bank in June of 1978. The signature card indicated that the account was an individual account owned by the minor child Crystal Hamm. The signature card also indicated that the signatures of both Howard F. Hamm and Carolyn S. Hamm were required to authorize a withdrawal from the account.

Howard Hamm died on or about June 10, 1983. On or about July 1, 1983, Carolyn Hamm removed the money from the account using her signature only. Plaintiff made a demand upon the bank for return of the funds and that demand was refused. Plaintiff then filed her complaint, as the duly appointed, qualified and acting executrix for Howard Hamm's estate.

The bank filed a motion to dismiss the complaint stating that the account was owned by Crystal Hamm as indicated on the signature card. Plaintiff was given leave to file an amended complaint. When the bank answered the amended complaint, it also filed the third-party complaint against Carolyn S. Hamm. The bank's answer was identical to its first one. The trial court issued its memorandum opinion stating that Howard Hamm's estate lacked standing to complain

that the bank had paid funds to Carolyn Hamm on less than the required number of signatures. The trial court went on to say that only the individual, Crystal Hamm, had such standing.

At the outset of this appeal, we note that both plaintiff and the bank place great emphasis on the ownership of the account subsequent to Howard Hamm's death. Although incidents of ownership of the funds may be a valid concern when and if the merits of the case are decided, it is unnecessary to our determination of the issue before this court, *i.e.*, the right of plaintiff as the executor of the estate to bring this action against the bank. Because the issue is answered on the basis of the contractual relationship between the bank and Howard Hamm, the depositor, we need only examine the duties and obligations existing under that relationship.

■■ ■ A contract arises by implication of law from a general deposit of funds in a bank that the bank will, whenever *properly* demanded, pay the funds in such sums and to such persons as the depositor shall direct and designate. (Emphasis added.) (10 Am. Jur. 2d *Banks* sec. 493 (1963).) A high standard of contractual responsibility has been imposed on banks in paying money chargeable against their depositors' accounts. The bank must, in paying out a deposit, comply with its agreement with the depositor. (10 Am. Jur. 2d *Banks* sec. 494 (1963).) The rule governing such a relationship is that as long as the bank acts in accordance with the contract existing between itself and its depositor, the bank is not liable if it makes payments from the depositor's account in conformity with the depositor's orders. *Bray v. Illinois National Bank* (1976), 37 Ill. App. 3d 286, 345 N.E.2d 503.

■ The facts of this case indicate that that rule was not followed. The signature card clearly required two signatures—Howard's and Carolyn's. The release of the funds on only one signature was a breach of the contract between Howard Hamm and the bank and, as such, Howard would have had a valid cause of action against the bank were he still alive. The fact that the action was brought by his executor does not pose an insurmountable obstacle.

Section 27—6 of the Probate Act of 1975 (Ill. Rev. Stat. 1983, ch. 110½, par. 27—6), specifically provides, and in doing so codifies the common law rule, that all actions based on contract survive the death of either party. (See also *Parkway Bank & Trust Co. v. LeVine* (1977), 45 Ill. App. 3d 497, 359 N.E.2d 882.) Consequently, where the action survives, the personal representative of the decedent may properly bring the suit. (*McGill v. Lazzaro* (1980), 92 Ill. App. 3d 393, 416 N.E.2d 29.) Therefore, the plaintiff was a proper

party to bring this action and should have been permitted to do so.

For the foregoing reasons, the judgment of the circuit court of Bureau County is reversed and the case is remanded for further proceedings.

Reversed and remanded.

BARRY, P.J., and SCOTT, J., concur.