ELEONORE BUTSCHKOWSKI, APPELLANT, v. WILLIAM
BRECKS, APPELLEE.

FILED MAY 17, 1913. No. 16,632.

APPEAL from the district court for Frontier county:
ROBERT C. ORR, JUDGE. *Motion to revive sustained.*

*S. L. Geisthardt,* for appellant.

*W. S. Morlan* and *Lambe & Butler, contra.*

PER CURIAM.

A, a citizen of the United States and resident of this
state, died intestate, being the owner of real estate and
personal property therein. He left no wife nor child,
father nor mother, surviving him. His only near relatives
at the time of his decease was a brother, also a citizen
and resident of this state, and a married sister in Ger-
many, who had no children. Administration was granted
upon the estate of A in Frontier county. The sister
brought suit in the county, where the real estate of de-
ceased was situated, for a partition thereof, alleging her
heirship equally with the surviving brother. He answered,
admitting the relationship, but denying her right to in-
herit the land, as she was a nonresident alien. The cause
was submitted to the district court upon the pleadings,
when a judgment was rendered in favor of defendant,
plaintiff's petition dismissed, and defendant's title to the
whole of the land quieted. She appealed to this court.
Pending the appeal here she died. Some time prior to
her decease she is alleged to have entered into a written
agreement with her husband, providing that, in case of
her decease, leaving him surviving, he should become the
owner of all her property. He now moves the court for
an order of revivor, substituting himself as plaintiff and
appellant in place and stead of his deceased wife. It is
ordered that he be so substituted, but that this order shall

in no sense be an adjudication of the rights of any one, but that the whole question of his rights, or the absence thereof, be reserved to the final decision of the cause.

The motion to revive is, to that extent, sustained.

MOTION SUSTAINED.