ELEONORE BUTSCHKOWSKI, APPELLANT, v. WILLIAM BRECKS, APPELLEE.

FILED OCTOBER 31, 1913.  No. 16,632.

1. Courts: CONSTITUTIONAL LAW: TREATIES.  Under section 2, art. VI, constitution of the United States, "all treaties made, or which shall be made under the authority of the United States, shall be the supreme law of the land, and the judges in every state shall be bound thereby; anything in the constitution or laws of any state to the contrary, notwithstanding."

2. Pleading: JUDICIAL NOTICE: TREATIES.  State courts will take judicial notice of the existence of a treaty, and if its provisions are self-executing it is unnecessary to plead its existence.

3. Appeal: QUESTIONS REVIEWABLE.  Questions presented as to the rights of the husband of a deceased nonresident alien in lands lying in this state not having been presented or decided in the district court will not be decided here, but the cause will be remanded for further proceedings.

APPEAL from the district court for Frontier county: ROBERT C. ORR, JUDGE.  *Reversed with directions.*

*S. L. Geisthardt, L. H. Cheney* and *E. P. Pyle,* for appellant.

*W. S. Morlan* and *Lambe & Butler, contra.*

LETTON, J.

The plaintiff brought this action seeking to partition certain lands in this state. She alleged that Frederick Brecks, the owner of the land, died intestate leaving surviving him as his only heirs the plaintiff, who is his sister, and the defendant, William Brecks, his brother, a resident of this state; that by the laws of this state the property descended to the heirs at law, and that she claims an undivided half interest in the land as one of the heirs. The defendant answered that the plaintiff is a nonresident alien, a citizen and resident of Prussia, and therefore had no interest in the land. Plaintiff replied admitting that she was a nonresident alien, as alleged. A motion for judgment on the pleadings was filed and argued, and the case taken under advisement. An amended reply was then filed without leave of court, pleading a treaty between the United States and Prussia, by the terms of which citizens of Prussia are entitled to sell and withdraw the proceeds of real estate which they would inherit if citizens of the United States. At the next term there was filed a motion to strike the amended reply, which was sustained for sufficient reasons. In passing upon the motion for judgment on the pleadings, the court stated the issues as above, and said: "In this condition of the pleadings there was no attempt on the part of the plaintiff to claim under or by virtue of any treaty or other agreement in any way superseding said statute; but, on the contrary, the petition discloses that she claimed only under the laws of this state. The motion of defendant for judgment on the pleadings is, therefore, sustained." The plaintiff's cause of action was then dismissed, and the title was quieted in the defendant. An appeal was perfected to this court. The plaintiff afterwards died. A motion was

made to revive the cause in the name of Herman Butsch-
kowski, the husband of the deceased, which was sustained
and the cause revived, leaving the question open as to the
property right of the survivor. *Butschkowski v. Brecks,*
93 Neb. 604.

We will first consider whether the court erred in its
judgment on the pleadings. This seems to depend upon
whether the court will take judicial notice of the exist-
ence of a treaty between the United States and Prussia,
or whether it is necessary for one who seeks to take ad-
vantage of the provisions of a treaty to plead the same.

Section 2, art. VI, constitution of the United States,
declares: "This constitution, and the laws of the United
States which shall be made in pursuance thereof, and all
treaties made, or which shall be made, under the authority
of the United States, shall be the supreme law of the land,
and the judges in every state shall be bound thereby; any-
thing in the constitution or laws of any state to the con-
trary, notwithstanding."

It has been repeatedly declared that treaties are the
supreme law of the land, and that a self-executing treaty
requires no legislation to put it into operation. *Yeaker's
Heirs v. Yeaker's Heirs,* 4 Met. (Ky.) 33, 81 Am. Dec.
530; *Cunard Steamship Co. v. Robertson,* 112 U. S. 580,
5 Sup. Ct. Rep. 247. And statutes have often been de-
clared void so far as in opposition to the terms of a valid
treaty. *Baker v. City of Portland,* 5 Saw. (U. S. C. C.)
566; *Fisher v. Harnden,* 1 Paine (U. S. C. C.) 55. A treaty
giving citizens of a foreign country the right to take lands
by descent in this country is superior to and controls any
state legislation against the holding of lands by aliens.
*Kull v. Kull,* 37 Hun (N. Y.) 476; *Hauenstein v. Lynham,*
100 U. S. 483; *In re Stixrud's Estate,* 58 Wash. 339;
*Minnesota Canal & Power Co. v. Pratt,* 101 Minn. 197,
232. See, also, a full collection of cases on this subject
contained in Ann. Cas. 1912 A, 1101, annotating *Ahrens
v. Ahrens,* 144 Ia. 486.

In *Cunard Steamship Co. v. Robertson, supra,* the

court, after quoting the constitutional provision before referred to, say: "A treaty, then, is the law of the land as an act of congress is, whenever its provisions prescribe a rule by which the rights of the private citizen or subject may be determined. And when such rights are of a nature to be enforced in a court of justice, that court resorts to the treaty for a rule of decision for the case before it as it would to a statute."

*Schultze v. Schultze*, 144 Ill. 290, 19 L. R. A. 90, was an action for partition. The complainant was a resident of Bremen, and several of the defendants were citizens of this country. One of the defendants answered that the complainant was a nonresident alien, and that by a statute of Illinois such an alien was not capable of acquiring title to the lands in that state. So far as the report shows, no reference was made in the pleadings to the existence of a treaty. Both the lower court and the supreme court of Illinois held that, under the treaty, the plaintiff could recover, and that its effect was to suspend for three years the operation of the alien law of Illinois, so that nonresidents might dispose of the property and withdraw the proceeds. It will be seen that the pleadings in that case are substantially the same as in the case at bar. See, also, *Ex parte McCabe*, 46 Fed. 363, 373; Bliss, Code Pleading (3d ed.) sec. 185.

We reach the conclusion that it was no more necessary to plead the terms of the treaty than it would be to plead the terms of a domestic statute, or a provision of the constitution of this state or of the United States. Article XIV of the treaty of 1828 between the United States and Prussia provides: "And where, on the death of any person holding real estate within the territories of the one party, such real estate would, by the laws of the land, descend on a citizen or subject of the other, were he not disqualified by alienage, such citizen or subject shall be allowed a reasonable time to sell the same, and to withdraw the proceeds without molestation and exempt from all duties of detraction, on the part of the government of

the respective states." When the facts brought the case within the provisions of this treaty, it was the duty of the court to enforce its terms just as fully as those of a statute of the state. In so far as the local statutes are in conflict with the treaty, the provisions of the treaty must govern. We are satisfied, therefore, that the court erred in entering judgment upon the pleadings against the plaintiff.

A further question, however, has arisen since the death of plaintiff. Her husband is in this court setting up a property right in the land by virtue of a paper in the nature of an agreement between husband and wife with respect to the descent of their respective separate property. It is unnecessary to set out the instrument at length. Nothing has been produced showing that the instrument is of any validity, or that it can operate in any manner to transfer the property rights of Mrs. Butschkowski in the real estate to her husband on her decease. Furthermore, an affidavit in the record on the motion to revive seems to show that the plaintiff died in 1911. By section 1 of the decedent act of 1907 (laws 1907, ch. 49; Ann. St. 1907, sec. 4901), the real estate of deceased persons shall descend: "Fourth. One-half to the husband or wife if there be no child, nor the issue of any deceased child or children, surviving. Fifth. If the deceased leave relatives of his or her blood, the residue of the real estate of which he or she shall die seized, in the cases above named, when not lawfully devised, shall descend subject to the rights of homestead, in the same manner and to the same persons as hereinafter provided for the descent of real estate of deceased persons leaving no husband or wife surviving." Under these provisions of the statute, it may be that the husband of deceased is entitled to a portion of the real estate in controversy by descent. The questions as to the effect of the writing mentioned or as to the heirship of the husband are not before us, but should be presented in the proper forum.

For these reasons, we deem it proper to reverse the judgment and remand the case to the district court, with

directions to permit the parties to make up issues as to the property rights of the husband, and to take such other steps as may be deemed necessary to establish the same, if any he may have.

REVERSED.

BARNES, FAWCETT and HAMER, JJ., not sitting.