AUGUSTA ERICKSON, APPELLANT, V. CARL GUSTAV CARLSON
ET AL., APPELLEES.

FILED JANUARY 30, 1914. No. 17,500.

1. **Descent and Distribution:** TREATIES: CONSTRUCTION. The French words *"fonds et biens,"* translated as "goods and effects," include realty, as they appear in the following terms of a treaty between the United States and Sweden: "The subjects of the contracting parties in the respective states may freely dispose of their goods and effects, either by testament, donation, or otherwise, in favor of such persons as they think proper; and their heirs, in whatever place they shall reside, shall receive the succession even *ab intestato,* either in person or by their attorney." 8 U. S. St. at Large, p. 64, art. VI.

2. **Treaty rights** of non-resident aliens must be enforced by state courts without regard to conflicting statutory provisions.

APPEAL from the district court for Phelps county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*Frank A. Anderson, George W. Stockwell* and *Carl O. Beroth,* for appellant.

*C. J. Beedle* and *Adams & Adams, contra.*

ROSE, J.

This is a suit to quiet in plaintiff title to 120 acres of land in Phelps county. The action was dismissed, and plaintiff has appealed.

When Carl Peterson owned the land in controversy, he died intestate November 13, 1906. Plaintiff is his daughter and resides in Chicago. His two sons are the defendants. They live in Sweden. Plaintiff asserts that her brothers are non-resident aliens who are prohibited by the laws of Nebraska from inheriting land in this state, and that therefore her father's realty descended to her, the only heir capable of taking it under the statutes of descent.

The dismissal from which she appealed to this court is without error for the following reasons: A treaty between the United States and Sweden protects defendants

from the statute prohibiting non-resident aliens from inheriting land in this state, the sixth article being in part as follows. "The subjects of the contracting parties in the respective states may freely dispose of their goods and effects, either by testament, donation, or otherwise, in favor of such persons as they think proper; and their heirs, in whatever place they shall reside, shall receive the succession even *ab intestato*, either in person or by their attorney, without having occasion to take out letters of naturalization. These inheritances, as well as the capitals and effects which the subjects of the two parties, in changing their dwelling, shall be desirous of removing from the place of their abode, shall be exempted from all duty called *'droit de detraction'* on the part of the government of the two states respectively." 8 U. S. St. at Large, p. 64, art. VI.

The original treaty is written in French. The term "goods and effects" is a translation of the French expression *"fonds et biens,"* and has been construed to include real estate as well as personal property. *Adams v. Akerlund,* 168 Ill. 632. In French law *biens* "includes all kinds of property, real and personal." Black, Law Dictionary, p. 131. A text-writer says: "The term *biens,* in the sense of the civilians and continental jurists, comprehends not merely goods and chattels, as in the common law, but real estate." Story, Conflict of Laws (8th ed.) sec. 13, note 1. The words "heirs," "succession," and "inheritances," as they appear in the treaty, may be properly used in connection with the descent of realty. *Adams v. Akerlund,* 168 Ill. 632. Treaty rights affecting real estate were as important as those relating to personal property. Both were within the spirit of the treaty. The context indicates that the word *biens* includes realty. "Effects" should be construed to include real estate, where that meaning is shown by the entire instrument in which the word appears. *Page v. Foust,* 89 N. Car. 447; *Morgan v. Morgan,* 6 Barn. & Cr. (Eng.) *512; *Dowdel v. Hamm,* 2 Watts (Pa.) 61. The holding, therefore, is that the term "goods and effects," as used in the treaty, includes

real estate. For the purposes of the treaty defendants inherited their proportionate shares of their father's land in Phelps county.

Treaty rights must be enforced by the courts without regard to conflicting statutory provisions. *Butschkowski v. Brecks,* 94 Neb. 532.

Plaintiff was not entitled to relief in this action, and her suit was properly dismissed.

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.