CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY

*v.*

CHARLES TODD.

1. ABATEMENT—*non-joinder of plaintiff in tort.* In an action for a tort, the non-joinder of a person as plaintiff may be pleaded in abatement. The defendant has the right to have the cause of action adjudicated in a single suit.

2. In an action on the case to recover for the destruction of property through the negligence of the defendant, the declaration alleged that the plaintiffs, father and son, were possessed of the property as partners. The proof showing that the property belonged to the son and his mother as partners, the court gave leave to substitute the mother as co-plaintiff with the son, when the defendant asked for a continuance, and thereupon, by leave of court,

the suit was discontinued by the plaintiff as to the father, and the trial ordered to proceed at the suit of the son alone: *Held*, to be error, as denying the defendant the right of pleading the non-joinder in abatement.

3. Amendment—*changing parties.* The amendments allowed by section 24 of the Practice act, (Rev. Stat. of 1874,) are in furtherance of justice and the rights of the parties, and not in denial of such rights. It should not be allowed so as to deprive the defendant of the right to have the entire cause of action disposed of in one suit.

4. Variance—*between pleading and evidence.* Where the declaration, in an action on the case, alleges that the plaintiffs are partners, and, as such, owners of property destroyed by negligence of the defendant, and the suit as to one of the plaintiffs is discontinued without amendment of the declaration, and the proofs show the property belonged to the remaining plaintiff and another person not made a party, the variance will be fatal to a recovery.

Appeal from the Circuit Court of La Salle county; the Hon. Edwin S. Leland, Judge, presiding.

Mr. George S. Eldridge, and Mr. Thomas F. Withrow, for the appellant.

Mr. E. F. Bull, for the appellee.

Mr. Justice Scholfield delivered the opinion of the Court:

This is an action on the case, commenced by Walter Todd and Charles Todd, who sue as partners, against The Chicago, Rock Island and Pacific Railroad Company, for negligence resulting in the destruction of a flouring mill and its contents, in the city of La Salle.

The declaration contains but two counts. In the first it is alleged that the plaintiffs were the lessees of a certain flouring mill, and in the possession thereof, situated, etc., which flouring mill the defendant, by negligently, carelessly and unskillfully permitting the fire to escape from its engine, permitted, etc., to be burned and destroyed, as also a large amount of valuable machinery, wheat, flour, bags, tools and other furniture, then being in the mill.

In the second count it is alleged that plaintiffs " were the

lessees in possession of the mill aforesaid, in which they had a large amount of valuable machinery, etc., and concludes by alleging the burning of the same by the carelessness, etc., of the defendant."

The plea is, not guilty.

The cause was submitted to a jury, on this issue, and the appellee, Charles Todd, on being first examined as a witness, testified that he and his father, Walter Todd, his co-plaintiff, were in partnership and in possession of the mill as lessees, when it was burned. After this the trial progressed until the evidence in chief and the evidence in the defence was all given to the jury; and the appellee, Charles Todd, being then recalled to rebut evidence given on behalf of the defendant, testified that his mother, Emily Todd, and not his father, Charles Todd, was in partnership with him as lessee of the mill and owner of the property therein, when the mill was burned.

As there is dispute as to what then occurred, we quote literally, from the record.

"Mr. Bull—I desire to enter a motion under the 24th section of the Practice act, to substitute the name of Emily Todd in the place of Walter Todd.

"Which motion the counsel on the part of defendant objected to, which objection was overruled by the court, and the court gave leave to substitute Emily Todd as co-plaintiff in the place of Walter Todd, to which ruling of the court the counsel for the defendant then and there duly excepted.

"Mr. Eldridge—I desire to submit an affidavit on the part of the defendant for a continuance of the case.

"The Court—I think, under that state of facts, I will have to grant it.

"Mr. Bull—I will remedy that, if your honor please, and let the suit be discontinued as to Walter Todd.

"Thereupon the court allowed the plaintiff to dismiss his suit as to Walter Todd, one of the plaintiffs named in the summons and declaration, and to proceed with the trial of the cause in the name of Charles Todd as said plaintiff, the motion

to substitute Emily as co-plaintiff being abandoned,—to which ruling of the court the counsel for the defendant then and there duly excepted."

It is conceded by counsel for appellee that had the suit, in the first instance, been brought in the name of Charles Todd alone, the non-joinder of Emily might have been pleaded in abatement, and such has been the ruling of this court. *Edwards* v. *Hill*, 11 Ill. 22; *Johnson et al.* v. *Richardson et al.* 17 id. 302.

It was a matter of substantial right to the appellant to have the cause of action adjudicated in a single suit. But by the ruling here it was denied that privilege. It was, against its protest, required to proceed with the trial, after the suit was dismissed as to one of the original plaintiffs. The issue was joined before the party was dismissed out of the case, the jury impanneled and the principal part of the evidence heard, and there was no opportunity to plead in abatement. The trial had to proceed, by the order of the court, on the issue then joined.

The amendments allowed to be made by section 24 of the Practice act, (Rev. Stat. 1874, p. 778,) are in furtherance of justice and the rights of the parties, and not in denial of such rights.

The amendment here made was not to make the evidence conform to the allegations in the declaration, for there was, after the amendment, as clear a variance between the allegations and the proofs as there was before.

The allegations in the declaration that Charles and Walter Todd were partners, and, as such, lessees of the mill and owners of the property therein, were left unchanged, the only change being in striking out the name of Walter Todd as a plaintiff in the suit,—and, as before observed, the proof is Emily Todd, and not Walter Todd, was the partner of Charles Todd, and as such, with him, lessee of the mill and owner of the property therein.

Here is a fatal variance between the allegations and proofs,

which, of itself, is sufficient to authorize a reversal of the judgment. *Insole* v. *James et al.* 37 Eng. Law and Eq. 523; *Satchell* v. *Doram,* 4 Ohio, (N. S.) 542; *Davidson* v. *Nicholson,* 8 Allen, 75.

We are of opinion the court erred in requiring appellant to proceed with the trial against its protest, after the discontinuance of the suit as to Walter Todd, and also in overruling the motion for a new trial.

The judgment is reversed and the cause remanded.

*Judgment reversed.*

Mr. Justice Dickey : I am not satisfied that this decision is right. My view of the matter is this: The record shows that the application to substitute Emily Todd as co-plaintiff instead of Walter Todd, after having been allowed, was abandoned, and with the abandonment of that measure the application for a continuance made by defendant fell with it. Then the suit was dismissed by leave of the court as to Walter Todd. This left the case standing as an action by Charles Todd alone. Upon the making of this change, the defendant had the right to plead over, and had application been then made for leave to plead in abatement, for the non-joinder of Emily Todd, it should have been granted. This would have involved the necessity of setting aside all proceedings subsequent to the declaration. This application, however, was not made, and the plaintiff had lawful right to proceed as it was done.

I think there was no variance, in substance, between the proof and the declaration. After the suit was dismissed as to Walter Todd, every allegation in the declaration stating an interest in him, was to be treated as withdrawn, and, in legal effect, the declaration charged the property to be that of Charles Todd. Under that allegation proof was competent that he owned half of the property as joint tenant with another. So I think the judgment ought to be affirmed.