DETERMINED IN THE

# FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1926.

---

### Albert Misek, Appellee, v. Village of La Grange, Appellant.

#### Gen. No. 30,223.

1. APPEAL AND ERROR—*presumptions as to verity of record notwithstanding irregularities therein.* On appeal from an order denying a motion in arrest of judgment based upon a misjoinder of parties plaintiff, where the record shows that an additional plaintiff was joined by order of court on motion by the original plaintiff, such record imports verity, and the original plaintiff cannot be heard to say that the motion and amendment was intended only as a disclaimer by the added plaintiff of any interest in the suit, notwithstanding the record discloses many irregularities by both sides in referring to the parties in the cause.

2. APPEAL AND ERROR—*restriction to record on review of motion in arrest based on misjoinder of parties.* On appeal from the denial of a motion in arrest of judgment based upon a misjoinder of parties plaintiff, the review must be based upon the record.

3. JUDGMENTS—*validity and effect of judgment for "plaintiffs" where declaration of joint plaintiffs shows cause of action in one only.* Where a declaration alleged an injury by a continuing nuisance of an abatable character to the use and possession of certain parcels of land owned by A. M. alone, but the same was amended so as to join L. M. as coplaintiff and so as to allege that as to one

of such parcels A. M. and L. M. were joint tenants, with the use thereof solely in A. M. by the consent of L. M., and the entry of judgment for "plaintiffs" was preceded in the record by irregularities by both sides in referring to the parties in the cause, such judgment could not be sustained as one for either A. M. or L. M. alone, since they sued jointly, nor as one for both, since the declaration showed on its face that L. M. had no interest in the cause of action.

4. Nuisances—*sufficiency of declaration to allege cause of action in plaintiffs jointly.* A declaration alleging injury by nuisance to the use and possession of certain parcels of land owned by the plaintiff A. M., and to certain other parcels held by the plaintiff A. M. and the plaintiff L. M., in joint tenancy, was insufficient to allege a joint cause of action in A. M. and L. M.

5. Pleading—*verdict as curing declaration failing to state cause of action.* Where a declaration on its face states no cause of action the defect will not be cured by verdict.

6. Judgments—*motion in arrest as reaching failure of declaration to state cause of action.* The contention that a declaration is insufficient because failing to state a cause of action may be raised by a motion in arrest of judgment.

Appeal by defendant from the Superior Court of Cook county; the Hon. Wells M. Cook, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1925. Reversed and remanded. Opinion filed February 2, 1926. Rehearing denied February 17, 1926.

George M. Stevens, for appellant; Thomas J. Peden, James G. Skinner and Gerald Ryan, of counsel.

John J. Coburn and Fred W. Bentley, for appellee.

Mr. Presiding Justice Barnes delivered the opinion of the court.

This suit was brought to recover for injuries alleged to have been caused by a nuisance resulting from neglect by the Village of LaGrange and the Village of Brookfield of their sewer systems. A judgment for $15,000 was entered against the Village of LaGrange, from which it has appealed.

Appellant urges that it was error to deny its motion in arrest of judgment.

The record is in an anomalous state of confusion. The suit was brought by Albert Misek. He filed his declaration July 12, 1921. The plea of general issue and special pleas were filed thereto by both defendants, the Village of LaGrange and the Village of Brookfield. The cause of action was predicated on alleged injuries to the use or possession of several described parcels of land, alleged to be owned by Albert Misek. Later, February 25, 1924, on motion of plaintiff's attorney, an order was entered that leave be "given plaintiff to amend all papers and proceedings in said cause by making Lizzie Misek party plaintiff herein," and another order which reads as follows:

"Comes now Albert Misek and Lizzie Misek, his wife, plaintiffs, and leave of court being first had and obtained amends the declaration and each count herein by inserting after the description of the property in question the following: 'Except lot six (6) in block four (4) in Rickers Addition to Lyons aforesaid, which said lot is owned by the said plaintiffs as joint tenants and not as tenants in common and the use of which at all times has been given by the said Lizzie Misek to Albert Misek, husband.'"

On the same day it was ordered that the pleas already filed stand to the declaration as amended, and leave was given to file an additional plea, which was filed. To the latter plea there was a replication by the "plaintiff." On the same day, whether prior to or after said amendment cannot be told and is immaterial, another amendment was allowed at the instance of "plaintiff" alleging what were the highest and best purposes for which said "premises" (not described) could be used or devoted. The verdict found "defendant" guilty and assessed "the plaintiff's" damages at $15,000. The judgment was that "plaintiffs" recover

said sum of and from the defendant Village of La Grange.

Appellant urges among other grounds for reversal that on such disclosures of the record the judgment is void for uncertainty and cannot stand because of misjoinder of plaintiffs, and the insufficiency of the declaration.

Since the case was argued an amended record has been filed showing that the Village of Brookfield was dismissed out of the case before verdict, thus removing the alleged ambiguity of the verdict in referring to a single defendant.

While the declaration as amended is predicated upon an injury to the use and possession of land alleged to be in Albert Misek alone, it makes Lizzie Misek co-plaintiff. Counsel for Albert Misek asserts that the case went to final issue and trial with him only as plaintiff, but that statement is not supported by the record. The contention that the motion and amendment were only intended as a "disclaimer" by Lizzie Misek of any interest in the suit is untenable in the face of the record. Not only do we know of no such pleading at law on the part of the plaintiff, but Albert Misek's intention to make her a party plaintiff cannot be doubted in the face of the record showing that she was made a party coplaintiff on his own motion, and that his declaration was amended accordingly. The record imports verity and with respect to the parties remained unchanged except as to one of the defendants. While the record discloses many irregularities by both sides in referring to the parties to the cause, yet such irregularities did not change the actual orders of the court or the state of the pleadings or estop either party from relying upon them. Of course our review must be made upon the record.

The only question necessary to consider is whether the judgment upon such a state of the record can stand. The judgment is for "plaintiffs." But it seems to be

conceded that the cause of action alleged is in one only, but appellee would have it construed as for Albert Misek only. Under well-established principles of practice it could have been entered for him alone only by discontinuing the case as to the other plaintiff and amending the declaration accordingly. (*Chicago, R. I. & P. R. Co. v. Todd,* 91 Ill. 70.)

The cause of action being predicated upon injury to the use and possession of land by Albert Misek alone, the right of action was in him only, and could not be in him jointly with another. As described, the nuisance was, and was alleged to be, of a continuing character, one that could be abated. It affected the enjoyment of his possession. In such a case any one having the right of occupancy of the land whose enjoyment thereof is affected by the nuisance has a private right of action (29 Cyc. 1257), and "if the right of action is in one only, another may not be joined with him as plaintiff in the action. * * * This rule extends both to actions *ex contractu* and *ex delicto.*" (Gould on Pleading, p. 188.)

There could have been no recovery by Lizzie Misek on the theory of the action, namely, interference with or injury to the right of possession, for the declaration alleges it was in Albert Misek alone. "A party suing, who, by his own showing, by the averments in his declaration, has no interest whatever in the cause of action, never can be permitted to recover in an action at law." (*Dix v. Mercantile Ins. Co.,* 22 Ill. 272, 276.) It is a familiar principle that when several parties sue jointly as plaintiffs all must be entitled to recover or none can; and if any one of them is incompetent to sue, all must fail though the evidence may sustain the action as to one or more of them. (*Prestwood v. McGowin,* 128 Ala. 267; *McLeod v. McLeod,* 73 Ala. 42; Freeman on Judgments, 5th ed., p. 182.) The declaration here charges interference with the rights of a person actually in possession of land where that

person is the sole owner of only part of the premises affected and joint tenant with respect to another part. Neither of the owners could sue for damages to the other's interest in the premises, where they were not joint interests. But where the immediate enjoyment or possession is interfered with, which in this case is alleged to be in one person, Albert Misek, then the rule laid down in Dicey on Parties to Actions (p. 356) is applicable, namely:

"The person to sue for any interference with the immediate enjoyment or possession of land or other real property is the person who has the possession of it and none can sue merely for such an interference who has not possession."

It is clear, therefore, that there was no joint right of action. While the declaration as amended was demurrable, yet it showing no joint cause of action a judgment for both plaintiffs could not stand, and could not be cured by verdict. It is not a case of a defective statement of a, cause of action, but of the insufficiency of a cause of action in both plaintiffs. Where a declaration on its face discloses no cause of action the defect will not be cured by verdict (*McLean County Coal Co. v. Long,* 91 Ill. 617), and the question of its sufficiency may be raised by a motion in arrest of judgment (*Klofski v. Railroad Supply Co.,* 235 Ill. 146).

Accordingly the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Gridley and Fitch, JJ., concur.